**ESTATE OF ANTHONY ANDERSON, SR**    *    IN THE
*Decedent*
1208 North Montford Avenue    *    UNITED STATES
Baltimore, Maryland 21213
    *    DISTRICT COURT

    Plaintiff    *    FOR THE


**EDITH FLETCHER**    *    NORTHERN DISTRICT
*Mother of Decedent/*
*Personal Representative for the*    *    OF
*Estate of Anthony Anderson*
1208 North Montford Avenue    *    MARYLAND
Baltimore, Maryland 21213
    *

        Co-Plaintiff
    *


**LEON ANDERSON**    *    CASE#:
*Father of Decedent*
1300 East Lanvale Street, Apt. 507    *
Baltimore, Maryland 21213
    *
        Co-Plaintiff
    *


**ANTHONY ANDERSON, JR**    *
*Son of Decedent*
1208 North Montford Avenue    *
Baltimore, Maryland 21213
    *
        Co-Plaintiff
    *


**YVONNE ANDERSON**    *
*Daughter of Decedent*
1421 East Federal Street,    *
Baltimore, Maryland 21213
    *
        Co-Plaintiff
    *


**JEAN ANDERSON**    *

1

*Daughter of Decedent*
2642 McElderry Street, Apt. 002          *
Baltimore, Maryland 21205
                                         *

**MARCUS PETTIFORD**                     *
*Son of Decedent*
5704 Radecke Avenue                      *
Baltimore, Maryland 21206                *


      Co-Plaintiff                   *

                                         *

**TERRENCE MANOCKY**                     *
*Son of Decedent*                        *
847 North Cameron Avenue,
Winston Salem, North Carolina 27101      *

                                         *
    v.
                                         *

**TODD STROHMAN**                        *
*Individually and in his Official Capacity*
Baltimore City Police Department         *
601 East Fayette Street,
Baltimore, Maryland 21202                *


      Defendant                      *

**MICHAEL VODARICK**                     *
*Individually and in his Official Capacity*
Baltimore City Police Department         *
601 East Fayette Street,
Baltimore, Maryland 21202                *


      Co-Defendant                   *

                                         *

**GREGG BOYD**                           *
*Individually and in his Official Capacity*
Baltimore City Police Department
601 East Fayette Street,                 *
Baltimore, Maryland 21202
                                         *

2

Co-Defendant

*

**MAYOR AND CITY COUNCIL OF**          *
**BALTIMORE CITY**
City Hall                               *
100 North Holiday Street,
Baltimore, Maryland 21202               *

    Co-Defendant                       *

      *Serve On*:                   *

      George Nilson                *
      City Solicitor
      100 North Holiday Street,     *
      Suite 101
      Baltimore, Maryland 21202     *

**BALTIMORE CITY POLICE DEPARTMENT**   *
601 East Fayette Street,
Baltimore, Maryland 21202               *

    Co-Defendant                       *

      *Serve On:*                   *
      Anthony Batts
      *Commissioner*                *
      601 East Fayette Street,
      Baltimore, Maryland 21202     *

        Or                      *

      Ralph Tyler                  *
      *City Solicitor*
      101 City Hall                *
      Baltimore, Maryland 21202
**************************************************************************

# COMPLAINT AND
# REQUEST FOR JURY TRIAL

**NOW COMES**, the Estate of Anthony Anderson, by and through its *Personal*

3

*Representative,* Edith Fletcher, Edith Fletcher in her individual capacity as *Mother of Decedent*, Leon Anderson, *Father of Decedent*, Anthony Anderson, Jr., Son of Decedent, Yvonne Anderson, *Daughter of Decedent*, Jean Anderson, *Daughter of Decedent*, Marcus Pettiford, Son of Decedent, and Terrence Manocky, *Son of Decedent*, pursuant to 28 U.S.C. 1331, 42 U.S.C. 1983, and CJ §3-904, alleging as true the following:

### JURISDICTION AND VENUE

1.      That Plaintiff Edith Fletcher in her official capacity as Personal Representative for the Estate of Anthony Anderson and in her personal capacity as Mother of Decedent is a resident of the City of Baltimore, State of Maryland.

2.      Plaintiff Leon Anderson is a resident of the City of Baltimore, State of Maryland.

3.      Plaintiff Anthony Anderson, Jr., is a resident of the City of Baltimore, State of Maryland.

4.      Plaintiff Yvonne Anderson is a resident of the City of Baltimore, State of Maryland.

5.      Plaintiff Jean Anderson is a resident of the City of Baltimore, State of Maryland.

6.      Plaintiff Marcus Pettiford is a resident of the City of Baltimore, State of Maryland.

7.      Plaintiff Terrence Manocky is a resident of the City of Winston-Salem, State of North Carolina.

8.       That Defendant Todd Strohman (hereinafter "Strohman " or "Defendant Strohman") at all times alleged herein was an employee of the Baltimore City Police Department

and was acting either in an individual and/or in his official capacity as a Baltimore City Police

Officer charged with enforcement of criminal laws in the State of Maryland principally in

Baltimore City, and thus, he was acting under color of law.

9.      That Defendant Michael Vodarick (hereinafter "Vodarick" or "Defendant

Vodarick") at all times alleged herein was an employee of the Baltimore City Police Department

and was acting either in an individual and/or in his official capacity as a Baltimore City Police

Officer charged with enforcement of criminal laws in the State of Maryland principally in

Baltimore City, and thus, he was acting under color of law.

10.      That Defendant Gregg Boyd (hereinafter "Boyd" or "Defendant Boyd") at all

times alleged herein was an employee of the Baltimore City Police Department and was acting

either in an individual and/or in his official capacity as a Baltimore City Police Officer charged

with enforcement of criminal laws in the State of Maryland principally in Baltimore City, and

thus, he was acting under color of law.

11.      That the Mayor and City Council is connected to the Baltimore City Police

Department (State Government Agency) to such an extent as to prevent the Police Department

from asserting Eleventh Amendment Immunity; as such, it is considered a "person" under 42

U.S.C. 1983; furthermore the Mayor and City Council of Baltimore City and the Baltimore City

Police Department are directly liable to decedent Plaintiff, et al., for their own improper conduct,

as a result of direct "policies or customs" that caused the constitutional deprivations suffered by

decedent Plaintiff; alternatively, the Mayor and City Council of Baltimore City and the Baltimore

City Police Department are liable to decedent Plaintiff, et al., as a result of continued inaction in

the face of a known history of widespread constitutional deprivations on the part of city

employees that resulted in constitutional deprivations of the exact nature and kind suffered by

decedent Plaintiff, et al.; the municipal decision to encourage and condone the excessive use of

force alleged in the instant complaint, reflected and continues to reflect, the deliberate

indifference to the risk that a violation of the constitutional or statutory rights alleged herein

would necessarily follow that decision; last, the Mayor and City Council of Baltimore, and the

Baltimore City Police Department have a policy and/or practice of providing inadequate training,

discipline, and supervision which resulted in the direct and/or proximate cause of decedent

Plaintiff being killed by Strohman, Vodarick, and Gregg, at the time of the incident alleged in

this complaint.

12.     That all events alleged herein occurred in the City of Baltimore, State of Maryland

for purposes of jurisdiction and venue; notice was properly filed pursuant to the Courts and

Judicial Article of Maryland.

13.     That jurisdiction is also conferred upon this court under 28 U.S.C. 1331, 42

U.S.C. 1983, Cts. & Jud. Code Ann. §§3-904, 5-303, et seq., and 5-504, et seq., as a substantive

element to all counts as if fully set forth therein.


**STATEMENT OF FACTS**

Plaintiff incorporates by reference the allegations contained in paragraphs 1-13 as if fully

set forth herein:

14.     That September 21, 2012, at 6:00 pm, on a bright Friday evening, Anthony

Anderson, Sr., was walking home through a vacant lot in his neighborhood at the intersection of

Biddle and Monford Streets in Baltimore City when Todd Strohman, suddenly, violently, and

without warning, a 6'0+ft/200+lbs Baltimore City Police Officer, silently crept behind Anderson in a slow jog, grabbed him just above his knees, then extended his body upright thereby hoisting Anderson (from his knees) in the air where his head was equal to the height of a basketball rim.

15.     That Defendant Strohman then twisted violently Anderson's frail body downward, slamming him upon the ground, head and neck first.

16.     That because Anthony Anderson, Sr.'s hands were occupied with a package recently purchased from a local corner store, Anderson, Sr., was caught off-guard, and could not brace himself for the fall.

17.     That once on the ground and Defendant Strohman placed Anderson, Sr., in handcuffs and Defendants Strohman, Vodarick, and Boyd, began to intentionally or negligently, violently and repeatedly kick Anderson, Sr., in the ribs, stomach, back, and chest for several minutes maliciously and sadistically for the very purpose of causing harm, while his mother, daughter, son, and two year old granddaughter, and many on-lookers, watched and witnessed the brutal attack from a very short distance away; that there was no legal justification for the attack, custodial beating or subsequent killing, and the use of force was objectively unreasonable.

18.     That Anthony Anderson, Sr., died moments later due to internal bleeding, his death resulting from the excessive use of force applied in this case was not for the purpose of officer or any of the  Defendants' attempt to maintain or restore discipline.

19.     That the Medical Examiner found that Anthony Anderson died due to blunt force injury to the torso, and ruled his death a HOMICIDE.

20.     That upon investigation of the matter, the Baltimore City Police Department justified, ratified and thereby condoned the use of force applied in this case and in similar cases

where officers punched, kicked, and brutally beat, and assaulted unarmed men in handcuffs, resulting in their deaths or serious bodily injuries thereby making it equally responsible for the injuries to Plaintiffs through their use of force policy and public statements.

## COUNT I

### *Estate v. Todd Strohman*

*Survivor*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-20 as if fully set forth herein:

21.     That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

22.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

23.     That Strohman intentionally and without a warrant slammed Anthony Anderson

8

on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and

severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he

was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until

he died from internal bleeding caused by blunt force injuries of his torso.

24.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated

Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing

the above described homicide in violation of his rights thereunder.

25.     That the force used to commit these acts was more than reasonably necessary to

accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of

Montford Avenue & Biddle Streets.

26.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively

unreasonable in light of the facts and circumstances confronting them at the time, and were

thereby excessive.

27.     That as a direct and proximate cause of the allegations above, Plaintiff suffered

personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's

Declaration of Rights, pain & suffering, mental anguish, conscious pain and suffering, pre-impact

fright, emotional distress, humiliation, and embarrassment.


### COUNT II

#### Estate v. Michael Vodarick

*Survivor*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-27 as if fully

set forth herein:

28.     That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land.;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

29.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland

30.     That Strohman intentionally and without a warrant slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

31.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

32.     That the force used to commit these acts was more than reasonably necessary to

10

accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of

Montford Avenue & Biddle Streets.

33.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively

unreasonable in light of the facts and circumstances confronting them at the time, and were

thereby excessive.

34.     That as a direct and proximate cause of the allegations above, Plaintiff suffered

personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's

Declaration of Rights, pain & suffering, mental anguish, conscious pain and suffering, pre-impact

fright, emotional distress, humiliation, and embarrassment.


## COUNT III

### *Estate v. Gregg Boyd*

*Survivor*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-34 as if fully

set forth herein:

35.     That Article 24 of the Maryland Declaration of Rights provides that no man

should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ...

deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;"

and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath

or affirmation, to search suspected places, or to seize any person or property, are grievous and

oppressive; and all general warrants to search suspected places or to seize suspected persons

without naming or describing the place, or the person in special are illegal and ought not be

granted."

36.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

37.     That Strohman intentionally and without a warrant slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

38.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

39.     That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

40.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

41.     That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's Declaration of Rights, pain & suffering, conscious pain and suffering, pre-impact fright, mental

anguish, emotional distress, humiliation, and embarrassment.

## COUNT IV

### *Estate v. Baltimore City Police Department*

*Survivor*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-41 as if fully set forth herein:

42.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

43.     That the Baltimore City Police Department caused the unconstitutional actions by its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies, inadequate supervision, retention, and discipline.

44.     That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful excessive force to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity is afoot; and that the injury to Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event", but one in a long line of events that predate and post-date the incident in question.

45.     That Baltimore City Police Department's use of excessive force in violation of citizens' Maryland and United States Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy

adopted, ratified, condoned and/or justified by the Baltimore City Police Commissioners,

officials, and the Baltimore City Police Department as a whole.

46.     That policies of excessive force and other Maryland and United States

Constitutional violations of citizens' rights have resulted from the Baltimore City Police

Department's failure to establish effective procedures, rules, orders, guidelines, and practices to

ensure that such violations do not occur, and to ensure that allegations of such violations will be

thoroughly investigated and appropriately punished when found to have occurred; that for

example, Defendant Gregg Boyd was sued for excessive force in 2001, and a Baltimore City Jury

returned an award in favor of the Plaintiff, Hopton Davis, in the amount of $406,000, and Boyd

was allowed to remain on the force without discipline; Michael Vodarick was sued in 2008 for

excessive force against Plaintiff, Russell Anderson who alleged that Vodarick assisted another

officer in "forcibly slamming" him to the ground, cuffed him, and fitted him in leg irons for

simply asking the officer "what's going on?", Vodarick was allowed to remain on the force

without discipline; and in 2011, Baltimore City Police Officer William H. Torbit was shot 22

times by fellow officers while on duty, police badge blazoned around his neck, and responding to

an "officer in distress" call near a local night club; innocent bystander, Sean Gamble, was also

killed in the 41 shot fusillade of bullets into a densely crowded area; in addition to Torbit's

injuries, three female bystanders, and another police officer, Harry Dodge, was wounded by

fellow officers in the melee; no shots were fired by civilians; City officers involved refused to

cooperate with the official investigation, consequently, no discipline was issued as a direct result

of the City Police Department's publicly dubbed "no snitching" policy.

47.     That as a result of the aforementioned failures to adequately, train, supervise,

retain, and discipline officers for misconduct, there has been a regular pattern and practice of misconduct similar to that complained of in the instant complaint; and that pattern and practice has manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department, and is the direct and proximate cause of the death of Anthony Anderson by Defendant.

48.     That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training, supervision, retention and discipline, and could have avoided its repetition by discharging and/or disciplining negligent, malicious, and/or incompetent employees/officers.

49.     That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's Declaration of Rights, pain & suffering, conscious pain and suffering, pre-impact fright, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the amount of $100,000.00 jointly and severally against Defendant which includes compensatory, and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.


## COUNT V

### *Edith Fletcher v. Todd Strohman*

*Wrongful Death*

15

Plaintiff incorporates by reference the allegations contained in paragraphs 1-49 as if fully set forth herein:

50.     That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

51.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the city of Baltimore, State of Maryland.

52.     That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

53.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

54.     That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

55.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

56.     That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.


## COUNT VI

### *Edith Fletcher v. Michael Vodarick*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-56 as if fully set forth herein:

57.     That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land." and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons

without naming or describing the place, or the person in special are illegal and ought not be granted."

58.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

59.     That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

60.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his right to due process.

61.     That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

62.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

63.     That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society,

companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## COUNT VII

### *Edith Fletcher v. Gregg Boyd*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-63 as if fully set forth herein:

64.     That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land." and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

65.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

66.     That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and

severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

67.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his right to due process.

68.     That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

69.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

70.     That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## COUNT VIII

### Edith Fletcher v. Baltimore City Police Department

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-70 as if fully set forth herein:

71.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

72.    That the Baltimore City Police Department caused the unconstitutional actions by its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies.

73.    That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful excessive force to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity is afoot, and that the injury to Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event;" that Baltimore City Police Department's use of excessive force in violation of citizens' Maryland Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted, ratified, condoned and/or justified by the Baltimore City Police Chief, officials, and the Baltimore City Police Department as a whole.

74.    That policies of excessive force and other Maryland Constitutional violations of citizens' rights resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred; examples of this have been more fully described in paragraphs 46-49 and are incorporated in this Count.

75.    That as a result of the aforementioned failures, there has been a regular pattern and practice of conduct similar to that complained of here; and that pattern and practice has been

manifested in other prior incidents involving officers, and employees of the Baltimore City
Police Department.

76.     That the Baltimore City Police Department is responsible and liable for the
actions of its officers and employees because it can and could have avoided such misconduct
through adequate training and supervision and could have avoided its repetition by discharging or
disciplining negligent or incompetent employees.

77.     That as a direct and proximate cause of the allegations above, Plaintiff suffered
pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society,
companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training,
guidance, education, embarrassment, and humiliation.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the
amount of $25,000.00 jointly and severally against Defendant which includes compensatory, and
punitive damages if applicable; and also GRANT such other relief this Honorable Court deems
fair and just.

## COUNT IX

### Leon Anderson v. Todd Strohman

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-77 as if fully
set forth herein:

78.     That Article 24 of the Maryland Declaration of Rights provides that no man
should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ...

22

deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

79.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

80.     That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

81.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

82.     That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

83.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively

unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

84.     That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## COUNT X

### *Leon Anderson v. Michael Vodarick*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-84 as if fully set forth herein:

85.     That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

86.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of

Baltimore, State of Maryland.

87.     That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

88.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

89.     That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

90.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

91.     That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.


**COUNT XI**

***Leon Anderson v. Gregg Boyd***

25

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-91 as if fully set forth herein:

92.     That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

93.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

94.     That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

95.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing

the above described homicide in violation of his rights thereunder.

96.     That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

97.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

98.     That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## COUNT XII

### Leon Anderson v. Baltimore City Police Department

#### Wrongful Death

Plaintiff incorporates by reference the allegations contained in paragraphs 1-98 as if fully set forth herein:

99.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

100.    That the Baltimore City Police Department caused the unconstitutional actions by

27

its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies.

101.    That the Baltimore City Police Department maintained a policy of

unconstitutional and unlawful excessive force to be used when no probable cause has been

established or reasonable suspicion to suspect that criminal activity is afoot, and that the injury to

Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event;" that Baltimore

City Police Department's use of excessive force in violation of citizens' Maryland Constitutional

rights occurs so frequently that it has become an accepted manner of conducting law enforcement

activities, and a well-received policy adopted, ratified, condoned and/or justified by the

Baltimore City Police Chief, officials, and the Baltimore City Police Department as a whole.

102.    That policies of excessive force and other Maryland Constitutional violations of

citizens' rights resulted from the Baltimore City Police Department's failure to establish effective

procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur and

to ensure that allegations of such violations will be thoroughly investigated and appropriately

punished when found to have occurred; examples of this have been more fully described in

***paragraphs 46-49*** and are incorporated in this Count.

103.    That as a result of the aforementioned failures, there has been a regular pattern

and practice of conduct similar to that complained of here; and that pattern and practice has been

manifested in other prior incidents involving officers, and employees of the Baltimore City

Police Department.

104.    That the Baltimore City Police Department is responsible and liable for the

actions of its officers and employees because it can and could have avoided such misconduct

through adequate training and supervision and could have avoided its repetition by discharging or

28

disciplining negligent or incompetent employees.

105.    That as a direct and proximate cause of the allegations above, Plaintiff suffered

pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society,

companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training,

guidance, education, embarrassment, and humiliation.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the

amount of $25,000.00 jointly and severally against Defendant which includes compensatory, and

punitive damages if applicable; and also GRANT such other relief this Honorable Court deems

fair and just.


## COUNT XIII

### Anthony Anderson, Jr., v. Todd Strohman

#### Wrongful Death

Plaintiff incorporates by reference the allegations contained in paragraphs 1-105 as if

fully set forth herein:

106.    That Article 24 of the Maryland Declaration of Rights provides that no man

should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ...

deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;"

and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath

or affirmation, to search suspected places, or to seize any person or property, are grievous and

oppressive; and all general warrants to search suspected places or to seize suspected persons

without naming or describing the place, or the person in special are illegal and ought not be

29

granted."

107.    That on the 21ˢᵗ day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

108.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

109.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

110.    That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

111.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

112.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training,

guidance, education, embarrassment, and humiliation.

## COUNT XIV

### *Anthony Anderson, Jr., v. Michael Vodarick*

#### *Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-112 as if fully set forth herein:

113.    That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

114.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland

115.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he

31

was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until

he died from internal bleeding caused by blunt force injuries of his torso.

116.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated

Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing

the above described homicide in violation of his right to due process.

117.    That the force used to commit these acts was more than reasonably necessary to

accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of

Montford Avenue & Biddle Streets.

118.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively

unreasonable in light of the facts and circumstances confronting them at the time, and were

thereby excessive.

119.    That as a direct and proximate cause of the allegations above, Plaintiff suffered

pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society,

companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training,

guidance, education, embarrassment, and humiliation.


### COUNT XV

***Anthony Anderson, Jr., v. Gregg Boyd***

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-119 as if

fully set forth herein:

120.    That Article 24 of the Maryland Declaration of Rights provides that no man

should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

121.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

122.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

123.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

124.    That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

33

125.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

126.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## COUNT XVI

### Anthony Anderson, Jr., v. Baltimore City Police Department

#### Wrongful Death

Plaintiff incorporates by reference the allegations contained in paragraphs 1-126 as if fully set forth herein:

127.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

128.    That the Baltimore City Police Department caused the unconstitutional actions by its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies.

129.    That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful excessive force to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity is afoot, and that the injury to

34

Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event;" that Baltimore City Police Department's use of excessive force in violation of citizens' Maryland Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted, ratified, condoned and/or justified by the Baltimore City Police Chief, officials, and the Baltimore City Police Department as a whole.

130.    That policies of excessive force and other Maryland Constitutional violations of citizens' resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred; examples of this have been more fully described in *paragraphs 46-49* and are incorporated in this Count.

131.    That as a result of the aforementioned failures, there has been a regular pattern and practice of conduct similar to that complained of here; and that pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department.

132.    That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training and supervision and could have avoided its repetition by discharging or disciplining negligent or incompetent employees.

133.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training,

35

guidance, education, embarrassment, and humiliation.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the amount of $10,000.00 jointly and severally against Defendant which includes compensatory, and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.

## COUNT XVII

### *Yvonne Anderson v. Todd Strohman*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-133 as if fully set forth herein:

134.    That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

135.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of

Baltimore, State of Maryland.

136.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

137.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

138.    That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

139.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

140.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## <u>COUNT XVIII</u>

### *Yvonne Anderson v. Michael Vodarick*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-140 as if fully set forth herein:

141.    That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land."

142.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

143.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

144.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

145.    That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

146.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively

unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

147.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## COUNT XIX

### *Yvonne Anderson v. Gregg Boyd*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-147 as if fully set forth herein:

148.    That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

149.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of

39

Baltimore, State of Maryland.

150.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

151.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

152.    That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

153.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

154.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.


## COUNT XX

### *Yvonne Anderson v. Baltimore City Police Department*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-154 as if fully set forth herein:

155.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

156.    That the Baltimore City Police Department caused the unconstitutional actions by its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies.

157.    That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful excessive force to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity is afoot, and that the injury to Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event;" that Baltimore City Police Department's use of excessive force in violation of citizens' Maryland Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted, ratified, condoned and/or justified by the Baltimore City Police Chief, officials, and the Baltimore City Police Department as a whole.

158.    That policies of excessive force and other Maryland Constitutional violations of citizens' resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred; examples of this have been more fully described in

*paragraphs 46-49* and are incorporated in this Count.

159.     That as a result of the aforementioned failures, there has been a regular pattern and practice of conduct similar to that complained of here; and that pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department.

160.     That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training and supervision and could have avoided its repetition by discharging or disciplining negligent or incompetent employees.

161.     That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's Declaration of Rights, pain & suffering, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the amount of $10,000.00 jointly and severally against Defendant which includes compensatory, and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.

## COUNT XXI

### *Jean Anderson v. Todd Strohman*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-161 as if

fully set forth herein:

162.    That Article 24 of the Maryland Declaration of Rights provides that no man

should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ...

deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;"

and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath

or affirmation, to search suspected places, or to seize any person or property, are grievous and

oppressive; and all general warrants to search suspected places or to seize suspected persons

without naming or describing the place, or the person in special are illegal and ought not be

granted."

163.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by

Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was

walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of

Baltimore, State of Maryland.

164.    That Strohman intentionally, and without warrant, slammed Anthony Anderson on

the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally,

commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on

the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died

from internal bleeding caused by blunt force injuries of his torso.

165.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated

Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing

the above described homicide in violation of his rights thereunder.

166.    That the force used to commit these acts was more than reasonably necessary to

accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of

Montford Avenue & Biddle Streets.

167.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively

unreasonable in light of the facts and circumstances confronting them at the time, and were

thereby excessive.

168.    That as a direct and proximate cause of the allegations above, Plaintiff suffered

pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society,

companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training,

guidance, education, embarrassment, and humiliation.


**COUNT XXII**

*Jean Anderson v. Michael Vodarick*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-168 as if

fully set forth herein:

169.    That Article 24 of the Maryland Declaration of Rights provides that no man

should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ...

deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;"

and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath

or affirmation, to search suspected places, or to seize any person or property, are grievous and

oppressive; and all general warrants to search suspected places or to seize suspected persons

without naming or describing the place, or the person in special are illegal and ought not be

granted."

170.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

171.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

172.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

173.    That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

174.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

175.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training,

guidance, education, embarrassment, and humiliation.

## COUNT XXIII

### *Jean Anderson v. Gregg Boyd*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-175 as if fully set forth herein:

176.     That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

177.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

178.     That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he

was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

179.     Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

180.     That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

181.     That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

182.     That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## COUNT XXIV

### Jean Anderson v. Baltimore City Police Department

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-182 as if fully set forth herein:

183.     That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by

47

Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

184.    That the Baltimore City Police Department caused the unconstitutional actions by its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies.

185.    That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful excessive force to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity is afoot, and that the injury to Anthony Anderson, Sr., was not a single isolated, accidental, or peculiar event; that Baltimore City Police Department's use of excessive force in violation of citizens' Maryland Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted, ratified, condoned and/or justified by the Baltimore City Police Chief, officials, and the Baltimore City Police Department as a whole.

186.    That policies of excessive force and other Maryland Constitutional violations of citizens' resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred; examples of this have been more fully described in ***paragraphs 46-49*** and are incorporated in this Count.

187.    That as a result of the aforementioned failures, there has been a regular pattern and practice of conduct similar to that complained of here; and that pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City

48

Police Department.

188.     That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training and supervision and could have avoided its repetition by discharging or disciplining negligent or incompetent employees.

189.     That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's Declaration of Rights, pain & suffering, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the amount of $10,000.00 jointly and severally against Defendant which includes compensatory, and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.

## COUNT XXV

### *Marcus Pettiford v. Todd Strohman*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-189 as if fully set forth herein:

190.     That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;"

and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

191.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

192.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

193.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

194.    That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

195.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were

50

thereby excessive.

196.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## COUNT XXVI

### *Marcus Pettiford v. Michael Vodarcik*

#### *Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-196 as if fully set forth herein:

197.    That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

198.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of

Baltimore, State of Maryland.

199.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

200.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing the above described homicide in violation of his rights thereunder.

201.    That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

202.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

203.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## **COUNT XXVII**

### *Marcus Pettiford v. Gregg Boyd*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-203 as if fully set forth herein:

204.    That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

205.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

206.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until he died from internal bleeding caused by blunt force injuries of his torso.

207.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing

the above described homicide in violation of his rights thereunder.

208.    That the force used to commit these acts was more than reasonably necessary to accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of Montford Avenue & Biddle Streets.

209.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

210.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

## COUNT XXVIII

### *Marcus Pettiford v. Baltimore City Police Department*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-210 as if fully set forth herein:

211.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

212.    That the Baltimore City Police Department caused the unconstitutional actions by

its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies.

213.    That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful excessive force to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity is afoot; and that the injury to Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event."

214.    That Baltimore City Police Department's use of excessive force in violation of citizens' Maryland Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted, ratified, condoned and/or justified by the Baltimore City Police Chief, officials, and the Baltimore City Police Department as a whole.

215.    That policies of excessive force and other Maryland Constitutional violations of citizens' rights resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred; examples of this have been more fully described in ***paragraphs 46-49*** and are incorporated in this Count.

216.    That as a result of the aforementioned failures, there has been a regular pattern and practice of conduct similar to that complained of here; and pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department.

217.    That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct

through adequate training and supervision and could have avoided its repetition by discharging or disciplining negligent or incompetent employees.

218.    That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's Declaration of Rights, pain & suffering, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the amount of $10,000.00 jointly and severally against Defendant which includes compensatory, and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.

## COUNT XXIX

### *Terrence Manocky v. Todd Strohman*

### *Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-218 as if fully set forth herein:

219.    That Article 24 of the Maryland Declaration of Rights provides that no man should be "imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be

granted."

220.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by

Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was

walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of

Baltimore, State of Maryland.

221.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson

on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and

severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he

was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until

he died from internal bleeding caused by blunt force injuries of his torso.

222.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated

Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing

the above described homicide in violation of his rights thereunder.

223.    That the force used to commit these acts was more than reasonably necessary to

accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of

Montford Avenue & Biddle Streets.

224.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively

unreasonable in light of the facts and circumstances confronting them at the time, and were

thereby excessive.

225.    That as a direct and proximate cause of the allegations above, Plaintiff suffered

pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society,

companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training,

guidance, education, embarrassment, and humiliation.

## COUNT XXX

### *Terrence Manocky v. Michael Vodarcik*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-225 as if fully set forth herein:

226.    That Article 24 of the Maryland Declaration of Rights provides that no man should be ""imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ... deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;" and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

227.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

228.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he

was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until

he died from internal bleeding caused by blunt force injuries of his torso.

229.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated

Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing

the above described homicide in violation of his rights thereunder.

230.    That the force used to commit these acts was more than reasonably necessary to

accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of

Montford Avenue & Biddle Streets.

231.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively

unreasonable in light of the facts and circumstances confronting them at the time, and were

thereby excessive.

232.    That as a direct and proximate cause of the allegations above, Plaintiff suffered

pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society,

companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training,

guidance, education, embarrassment, and humiliation.


## COUNT XXXI

### *Terrence Manocky v. Gregg Boyd*

*Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-232 as if

fully set forth herein:

233.    That Article 24 of the Maryland Declaration of Rights provides that no man

should be imprisoned or disseized of his freehold, liberties or privileges . . . or in any manner ...

deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land;"

and Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath

or affirmation, to search suspected places, or to seize any person or property, are grievous and

oppressive; and all general warrants to search suspected places or to seize suspected persons

without naming or describing the place, or the person in special are illegal and ought not be

granted."

234.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by

Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was

walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of

Baltimore, State of Maryland.

235.    That Strohman intentionally, and without a warrant, slammed Anthony Anderson

on the ground, head and neck first; and then Strohman, Vodarick, and Boyd, jointly and

severally, commenced to intentionally, or wantonly & recklessly, kicking Anderson, Sr., while he

was on the ground forcefully, violently, and repeatedly in his chest, stomach, ribs, and back, until

he died from internal bleeding caused by blunt force injuries of his torso.

236.    Defendants Strohman, Vodarick, and Boyd jointly and severally violated

Plaintiff's rights under Articles 24 and 26 of the Maryland Declaration of Rights by committing

the above described homicide in violation of his rights thereunder.

237.    That the force used to commit these acts was more than reasonably necessary to

accost Plaintiff or to inquire why he was lawfully walking through the vacant lot at the corner of

Montford Avenue & Biddle Streets.

238.    That Defendants Strohman's, Vodarick's, and Boyd's actions were objectively unreasonable in light of the facts and circumstances confronting them at the time, and were thereby excessive.

239.    That as a direct and proximate cause of the allegations above, Plaintiff suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

### COUNT XXXII

### *Terrence Manocky v. Baltimore City Police Department*

### *Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-239 as if fully set forth herein:

240.    That on the 21st day of September, 2012, Anthony Anderson, Sr., was killed by Police Officers/Defendants Todd Strohman, Michael Vodarick, and Gregg Boyd, as he was walking through a vacant lot on the corner of Montford Avenue and Biddle Streets in the City of Baltimore, State of Maryland.

241.    That the Baltimore City Police Department caused the unconstitutional actions by its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies.

242.    That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful excessive force to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity is afoot; and that the injury to

Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event."

243.     That Baltimore City Police Department's use of excessive force in violation of citizens' Maryland Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted, ratified, condoned and/or justified by the Baltimore City Police Chief, officials, and the Baltimore City Police Department as a whole.

244.     That policies of excessive force and other Maryland Constitutional violations of citizens' resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred; examples of this have been more fully described in *paragraphs 46-49* and are incorporated in this Count.

245.     That as a result of the aforementioned failures, there has been a regular pattern and practice of conduct similar to that complained of here; and pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department.

246.     That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training and supervision and could have avoided its repetition by discharging or disciplining negligent or incompetent employees.

247.     That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's

Declaration of Rights, pain & suffering, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the amount of $10,000.00 jointly and severally against Defendant which includes compensatory, and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.

## COUNT XXXIII

### *Estate v. Strohman, Vodarick and Boyd*

*§1983 Survivor*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-247 as if fully set forth herein:

248.    For all of the reasons identified in Counts I-XXXII, on September 21, 2012, the Defendants Strohman, Vordarick, and Boyd, violated 42 USC 1983 when they violated decedent Anthony Anderson's U.S. Constitutional rights (including, but not limited to the Fourth Amendment) by using excessive force to kill him in front of his mother and 2 year old grand daughter while he was engaged in the lawful activity of walking to his mother's house from a local corner store.

249.    That no crime was being committed at the time Decedent Anthony Anderson was viciously attacked and, and kicked punched and stomped repeatedly by officers as bystanders, including his mother and two year old daughter, were a safe distance away to witness the kill.

250.    That Decedent Anthony Anderson was unarmed and lawfully walking toward his

63

mother's home when he was attacked from behind by Todd Strohman, Michael Vodarick, and Gregg and beaten to death, and thus did not pose an immediate threat to the safety of the officers or others.

251.     That Decedent Anthony Anderson was unaware that he was being attacked until it was too late and he was completely subdued, handcuffed and shackled and thus could not actively resist arrest or attempt to evade arrest by flight.

252.     That Todd Strohman, Michael Vodarick, and Gregg Boyd's conduct in killing Decedent Anthony Anderson violated clearly established statutory or constitutional rights of which a reasonable person would have known, namely rights guaranteed by the Fourth Amendment and Maryland Declaration of Rights, as well as CP 2-202.

253.     That a reasonable officer would have believed the conduct of a person walking from a local corner store to his mother's home to be lawful under similar circumstances.

254.     That Defendants Strohman, Vodarick and Boyd, intentionally and maliciously killed by using excessive force without any probable cause to believe a crime had been committed.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the amount of $20,000,000.00 jointly and severally against Defendants Strohman, Vodarick, and Boyd, which includes compensatory, and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.

## COUNT XXXIV

### Estate v. Baltimore City Police Department

64

*§1983 Survivor*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-254 as if fully set forth herein:

255.    For all of the reasons identified in Counts I-XXXIII, on September 21, 2012, the Baltimore City Police Department violated 42 USC 1983 when they allowed Decedent Anthony Anderson's U.S. Constitutional rights (including, but not limited to the Fourth Amendment) to be violated by allowing excessive force to be used to kill Anderson in front of his mother and 2 year old grand daughter merely because he was engaged in the lawful activity of walking to his mother's house from a local corner store.

256.    That no crime was being committed at the time Decedent Anthony Anderson was viciously attacked and, and kicked punched and stomped repeatedly by officers as bystanders, including his mother and two year old daughter, were a safe distance away to witness the kill.

257.    That Decedent Anthony Anderson was unarmed and lawfully walking toward his mother's home when he was attacked from behind by Todd Strohman, Michael Vodarick, and Gregg, thrown to the ground head and neck first, then beaten and kicked to death, Plaintiff did not pose any immediate threat to the safety of the officers or others.

258.    That Decedent Anthony Anderson was unaware that he was being attacked until it was too late and he was completely subdued, handcuffed and shackled and thus could not actively resist arrest or attempt to evade arrest by flight.

259.    That Todd Strohman, Michael Vodarick, and Gregg Boyd's conduct in killing Decedent Anthony Anderson violated clearly established statutory or constitutional rights of which a reasonable person would have known, namely rights guaranteed by the Fourth

65

Amendment and Maryland Declaration of Rights, as well as CP 2-202.

260.    That a reasonable officer would have believed the conduct of a person walking

from a local corner store to his mother's home to be lawful under similar circumstances.

261.    That Defendants Strohman, Vodarick and Boyd, intentionally and maliciously

killed by using excessive force without any probable cause to believe a crime had been

committed.

262.    That the Baltimore City Police Department caused the unconstitutional actions by

its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies,

inadequate supervision, retention, and discipline.

263.    That the Baltimore City Police Department maintained a policy of

unconstitutional and unlawful excessive force to be used when no probable cause has been

established or reasonable suspicion to suspect that criminal activity is afoot; and that the injury to

Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event", but one in a

long line of events that predate and post-date the incident in question.

264.    That Baltimore City Police Department's use of excessive force in violation of

citizens' Maryland and United States Constitutional rights occurs so frequently that it has

become an accepted manner of conducting law enforcement activities, and a well-received policy

adopted, ratified, condoned and/or justified by the Baltimore City Police Commissioners,

officials, and the Baltimore City Police Department as a whole.

265.    That policies of excessive force and other Maryland and United States

Constitutional violations of citizens' rights has resulted from the Baltimore City Police

Department's failure to establish effective procedures, rules, orders, guidelines, and practices to

ensure that such violations do not occur, and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred; that for example, Defendant Gregg Boyd was sued for excessive force in 2001, and a Baltimore City Jury returned an award in favor of the Plaintiff, Hopton Davis, in the amount of $406,000, Boyd, however, was allowed to remain on the force without discipline; Michael Vodarick was sued in 2008 for excessive force against Plaintiff, Russell Anderson, who alleged that Vodarick assisted another officer in "forcibly slamming" him to the ground, cuffed him, and fitted him in leg irons for simply asking the officer "what's going on?", Vodarick was allowed to remain on the force without discipline; and in 2011, Baltimore City Police Officer William H. Torbit was shot 22 times by fellow officers while on duty, police badge brandished around his neck, and responding to an "officer in distress" call near a local night club; innocent bystander, Sean Gamble, was also killed in the 41 shot fusillade of bullets into a densely crowded area; in addition to Torbit's injuries, three female bystanders, and another police officer, Harry Dodge, was wounded by fellow officers in the melee; no shots were fired by civilians; City officers involved refused to cooperate with the official investigation, consequently, no discipline was issued as a direct result of the City Police Department's "no snitching" policy.

266.    That as a result of the aforementioned failures to adequately, train, supervise, retain, and discipline officers for misconduct, there has been a regular pattern and practice of misconduct similar to that complained of in the instant complaint; and that pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department, and is the direct and proximate cause of the death of Anthony Anderson by Strohman, Vodarick, and Gregg.

67

267.    That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training, supervision, retention and discipline, and could have avoided its repetition by discharging and/or disciplining negligent, malicious, and/or incompetent employees on prior occasions, including Strohman, Vodarick, and Gregg.

268.    That in early 2011, Baltimore City Mayor commissioned study of the Baltimore City Police Department and the study found that the Police Department inadequately trained and supervised its officers, and that as a direct and proximate cause of such inadequacies, an officer was gunned down by other officers while he was responding to a call of another officer in distress.

269.    In or about November 2011, thirty-three recommendations were made to the Baltimore City Police Department to assist with improving supervision and training of City Officers.

270.    That the training recommendations were scoffed by the Baltimore City Police Department and were never implemented, as a result of the decision not to implement the recommendations Anthony Anderson was killed by Baltimore City Police Officers, Strohman, Vodarick, and Boyd, less than one year later.

271.    That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's Declaration of Rights and United States Constitution, pain & suffering, conscious pain and suffering, pre-impact fright, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the

amount of $20,000,000.00 jointly and severally against Defendant which includes compensatory, and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.

## COUNT XXXV

### Fletcher, et al. v. Todd Strohman, Michael Vodarick, Gregg Boyd

#### §1983 Wrongful Death

Plaintiff incorporates by reference the allegations contained in paragraphs 1-271 as if fully set forth herein:

272.    That for the reasons alleged throughout this complaint, Plaintiffs, Edith Fletcher, Leon Anderson, Anthony Anderson, Jr., Yvonne Anderson, Jean Anderson, Marcus Pettiford, and Terrence Manocky bring the instant 1983 Wrongful Death claim against the Baltimore City Police Department alleging the following:

273.    For all of the reasons identified in Counts I-XXXIII, on September 21, 2012, the Baltimore City Police Department violated 42 USC 1983 when they allowed Decedent Anthony Anderson's U.S. Constitutional rights (including, but not limited to the Fourth Amendment) to be violated by allowing excessive force to be used to kill Anderson in front of his mother and 2 year old grand daughter merely because he was engaged in the lawful activity of walking to his mother's house from a local corner store.

274.    That no crime was being committed at the time Decedent Anthony Anderson was viciously attacked and, and kicked punched and stomped repeatedly by officers as bystanders, including his mother and two year old daughter, were a safe distance away to witness the kill.

69

275.    That Decedent Anthony Anderson was unarmed and lawfully walking toward his mother's home when he was attacked from behind by Todd Strohman, Michael Vodarick, and Gregg and beaten to death, and thus did not pose an immediate threat to the safety of the officers or others.

276.    That Decedent Anthony Anderson was unaware that he was being attacked until it was too late and he was completely subdued, handcuffed and shackled and thus could not actively resist arrest or attempt to evade arrest by flight.

277.    That Todd Strohman, Michael Vodarick, and Gregg Boyd's conduct in killing Decedent Anthony Anderson violated clearly established statutory or constitutional rights of which a reasonable person would have known, namely rights guaranteed by the Fourth Amendment and Maryland Declaration of Rights, as well as CP 2-202.

278.    That a reasonable officer would have believed the conduct of a person walking from a local corner store to his mother's home to be lawful under similar circumstances.

279.    That Defendants Strohman, Vodarick and Boyd, intentionally and maliciously killed by using excessive force without any probable cause to believe a crime had been committed.

290.    That the Baltimore City Police Department caused the unconstitutional actions by its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies, inadequate supervision, retention, and discipline.

291.    That the Baltimore City Police Department maintained a policy of unconstitutional and unlawful excessive force to be used when no probable cause has been established or reasonable suspicion to suspect that criminal activity is afoot; and that the injury to

Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event", but one in a long line of events that predate and post-date the incident in question.

292. That Baltimore City Police Department's use of excessive force in violation of citizens' Maryland and United States Constitutional rights occurs so frequently that it has become an accepted manner of conducting law enforcement activities, and a well-received policy adopted, ratified, condoned and/or justified by the Baltimore City Police Commissioners, officials, and the Baltimore City Police Department as a whole.

293. That policies of excessive force and other Maryland and United States Constitutional violations of citizens' rights has resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur, and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred; that for example, Defendant Gregg Boyd was sued for excessive force in 2001, and a Baltimore City Jury returned an award in favor of the Plaintiff, Hopton Davis, in the amount of $406,000, Boyd, however, was allowed to remain on the force without discipline; Michael Vodarick was sued in 2008 for excessive force against Plaintiff, Russell Anderson, who alleged that Vodarick assisted another officer in "forcibly slamming" him to the ground, cuffed him, and fitted him in leg irons for simply asking the officer "what's going on?", Vodarick was allowed to remain on the force without discipline; and in 2011, Baltimore City Police Officer William H. Torbit was shot 22 times by fellow officers while on duty, police badge brandished around his neck, and responding to an "officer in distress" call near a local night club; innocent bystander, Sean Gamble, was also killed in the 41 shot fusillade of bullets into a densely crowded area; in addition to Torbit's

injuries, three female bystanders, and another police officer, Harry Dodge, was wounded by fellow officers in the melee; no shots were fired by civilians; City officers involved refused to cooperate with the official investigation, consequently, no discipline was issued as a direct result of the City Police Department's "no snitching" policy.

294.    That as a result of the aforementioned failures to adequately, train, supervise, retain, and discipline officers for misconduct, there has been a regular pattern and practice of misconduct similar to that complained of in the instant complaint; and that pattern and practice has been manifested in other prior incidents involving officers, and employees of the Baltimore City Police Department, and is the direct and proximate cause of the death of Anthony Anderson by Strohman, Vodarick, and Gregg.

295.    That the Baltimore City Police Department is responsible and liable for the actions of its officers and employees because it can and could have avoided such misconduct through adequate training, supervision, retention and discipline, and could have avoided its repetition by discharging and/or disciplining negligent, malicious, and/or incompetent employees on prior occasions, including Strohman, Vodarick, and Gregg.

296.    That as a direct and proximate cause of the allegations above, Plaintiffs suffered pecuniary loss, pecuniary benefit, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, filial care, attention, advice, counsel, training, guidance, education, embarrassment, and humiliation.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the amount of $20,000,000.00 jointly and severally against Defendant which includes both compensatory, and punitive damages if applicable; and also GRANT such other relief this

Honorable Court deems fair and just.

## COUNT XXXVI

### *Fletcher, et al. v. Baltimore City Police Department*

*§1983 Wrongful Death*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-296 as if fully set forth herein:

297.    That 42 U.S.C. 1983 provides a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States.

298.    For all of the reasons identified in Counts I-XXXV, all of the Plaintiffs, Edith Fletcher, Leon Anderson, Anthony Anderson, Jr., Yvonne Anderson, Jean Anderson, Marcus Pettiford, and Terrence Manocky, allege the following: On September 21, 2012, the Baltimore City Police Department, which is substantially controlled by Baltimore City, violated 42 USC 1983 when they ratified, condoned, and allowed Decedent Anthony Anderson's U.S. Constitutional rights to be violated by establishing and or failing to correct a known policy or practice of allowing excessive force to be used in violation of the US (including, but not limited to the Fourth Amendment) and Maryland Constitution to harm Baltimore City citizens in the past, and cause the death of Anderson on the day in question in front of his mother and 2 year old grand daughter merely because he was engaged in the lawful activity of walking to his mother's house from a local corner store.

299.    That no crime was being committed at the time Decedent Anthony Anderson was

viciously attacked and, and kicked punched and stomped repeatedly by officers as bystanders, including his mother and two year old daughter, were a safe distance away to eye-witness the kill.

300.    That Decedent Anthony Anderson was unarmed and lawfully walking toward his mother's home when he was attacked from behind by Todd Strohman, Michael Vodarick, and Gregg, hoisted in the air from his knees, then violently slammed to the ground head and neck first, and brutally beaten to death; Anderson did not pose any immediate threat to the safety of the officers or to others.

301.    That Decedent Anthony Anderson was unaware that he was being attacked until it was too late and he was completely subdued, handcuffed, shackled and brutally beaten, thus he could not actively resist, or attempt to evade arrest by flight.

302.    That Todd Strohman, Michael Vodarick, and Gregg Boyd's conduct in killing Decedent Anthony Anderson violated clearly established statutory or constitutional rights of which a reasonable person would have known, namely rights guaranteed by the Fourth Amendment and Maryland Declaration of Rights, as well as CP 2-202.

303.    That a reasonable officer would have believed the conduct of a person walking from a local corner store to his mother's home to be lawful under similar circumstances.

304.    That Defendants Strohman, Vodarick and Boyd, intentionally and maliciously killed by using excessive force without any probable cause to believe a crime had been committed.

305.    That the Baltimore City Police Department caused the unconstitutional actions by its employees, Strohman, Vodarick, and Boyd, through poor training or suspect policies, inadequate supervision, retention, and discipline in as much as Strohman, Vodarick and Boyd did

not know that it was a violation of the Anderson's constitutional rights to beat him to death for merely walking home from the store without at the very least probable cause to believe a crime had been committed.

306.    That the Baltimore City Police Department maintained a policy and/or practice of using unconstitutional and unlawful excessive force when neither probable cause nor reasonable articulable suspicion had been established to suspect that criminal activity is afoot; and that the injury to Anthony Anderson, Sr., was not "a single isolated, accidental, or peculiar event", but one in a long line of misconduct events directly and /or proximately caused by this policy or practice that pre- and post-date the incident in question, .

307.    That Baltimore City Police Department's use of excessive force in violation of citizens' Maryland and United States Constitutional rights (including, but not limited to the Fourth Amendment) occurs so frequently that it has become an accepted manner of conducting law enforcement activities and a well-received policy and/or practice adopted, ratified, condoned and/or justified by the legions of Baltimore City Police Commissioners, Baltimore City Public Officials, and the Baltimore City Police Department as a whole.

308.    That policies and practice of using excessive force and other Maryland and United States Constitutional violations of citizens' rights has resulted from the Baltimore City Police Department's failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that such violations do not occur, and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred; that for example, Defendant Gregg Boyd was sued for excessive force in 2001, and a Baltimore City Jury returned an award in favor of the Plaintiff, Hopton Davis, in the amount of $406,000, Boyd,

however, was allowed to remain on the force without discipline; Michael Vodarick was sued in

2008 for excessive force against Plaintiff, Russell Anderson, who alleged that Vodarick assisted

another officer in "forcibly slamming" him to the ground, cuffed him, and fitted him in leg irons

for simply asking the officer "what's going on?", Vodarick was allowed to remain on the force

without discipline; and in 2011, Baltimore City Police Officer William H. Torbit was shot 22

times by fellow officers while on duty, police badge brandished around his neck, while

responding to an "officer in distress" call near a local night club; innocent bystander, Sean

Gamble, was also killed in the 41 shot fusillade of bullets fired by poorly trained Baltimore City

Police Department into a densely crowded area; in addition to Torbit's injuries, three female

bystanders, and another police officer, Harry Dodge, was wounded by fellow officers in the

melee; no shots were fired by civilians; City officers involved refused to cooperate with the

official investigation, consequently, no discipline was issued as a direct result of the City Police

Department's "no snitching" policy.

309.    That as a result of the aforementioned failures to adequately, train, supervise,

retain, and discipline officers for misconduct, there has been a regular pattern and practice of

misconduct similar to that complained of in the instant complaint; and that pattern and practice

has been manifested in other prior incidents involving officers, and employees of the Baltimore

City Police Department, and is the direct and proximate cause of the death of Anthony Anderson

by Strohman, Vodarick, and Gregg.

310.    That the Baltimore City Police Department is responsible and liable for the

actions of its officers and employees because it can and could have avoided such misconduct

through adequate training, supervision, retention and discipline, and could have avoided its

repetition by discharging and/or disciplining negligent, malicious, and/or incompetent employees on prior occasions, including Strohman, Vodarick, and Gregg.

311.    That in early 2011, Baltimore City Mayor commissioned study of the Baltimore City Police Department and the study found that the Police Department inadequately trained and supervised its officers, and that as a direct and proximate cause of such inadequacies, an officer was gunned down by other officers while he was responding to a call of another officer in distress.

312.    In or about November 2011, thirty-three recommendations were made by the Mayor's Commission to the Baltimore City Police Department to assist with improving supervision and training of City Officers.

313.    That the training recommendations were scoffed by the Baltimore City Police Department and were never implemented, as a result of the decision not to implement the recommendations Anthony Anderson was killed by Baltimore City Police Officers, Strohman, Vodarick, and Boyd, less than one year later.

314.    That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's Declaration of Rights and United States Constitution, pain & suffering, conscious pain and suffering, pre-impact fright, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the amount of $20,000,000.00 jointly and severally against Defendant which includes compensatory, and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.

## COUNT XXXVII

### *Fletcher, et al. v. Strohman, Vodarick, and Boyd*

*Wrongful Death* (*Battery*)

Plaintiff incorporates by reference the allegations contained in paragraphs 1-314 as if fully set forth herein:

315.    For all of the reasons identified in Counts I-XXXVI, all of the Plaintiffs, Edith Fletcher, Leon Anderson, Anthony Anderson, Jr., Yvonne Anderson, Jean Anderson, Marcus Pettiford, and Terrence Manocky  allege the following:  On September 21, 2012, Strohman, Vodarick, and Boyd intentionally and maliciously attacked from the rear, slammed to the ground head and neck first, repeatedly kicked and brutally punched and beat Anthony Anderson to death by causing massive internal injuries and breaking multiple ribs without his consent or approval, and in the presence of his mother and 2 year old grand daughter.

316.    That no crime was being committed at the time Decedent Anthony Anderson was viciously attacked and neither Strohman, Vodarick, nor Boyd were acting in self defense or defense of another at the time of Anderson's Attack and beating

317.    That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's Declaration of Rights and United States Constitution, pain & suffering, conscious pain and suffering, pre-impact fright, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the

amount of $20,000,000.00 jointly and severally against Defendant which includes both compensatory. and punitive damages if applicable; and also GRANT such other relief this Honorable Court deems fair and just.

## COUNT XXXVIII

### Fletcher, et al. v. Baltimore City Police Department

#### Wrongful Death (Battery)

Plaintiff incorporates by reference the allegations contained in paragraphs 1-317 as if fully set forth herein:

318.    For all of the reasons identified in Counts I-XXXVII, all of the Plaintiffs, Edith Fletcher, Leon Anderson, Anthony Anderson, Jr., Yvonne Anderson, Jean Anderson, Marcus Pettiford, and Terrence Manocky  allege the following:  On September 21, 2012, the policies, practices and customs of the Baltimore City Police Department of "using excessive force first then asking questions later" lead to Strohman, Vodarick, and Boyd intentionally and maliciously attacked from the rear, slammed to the ground head and neck first, repeatedly kicked and brutally punched and beat Anthony Anderson to death by causing massive internal injuries and breaking multiple ribs without his consent or approval, and in the presence of his mother and 2 year old grand daughter.

316.    That no crime was being committed at the time Decedent Anthony Anderson was viciously attacked and neither Strohman, Vodarick, nor Boyd were acting in self defense or defense of another at the time of Anderson's Attack and beating

317.    That as a direct and proximate cause of the allegations above, Plaintiffs suffered

personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's

Declaration of Rights and United States Constitution, pain & suffering, conscious pain and

suffering, pre-impact fright, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the

amount of $20,000,000.00 jointly and severally against Defendant which includes compensatory,

and punitive damages if applicable; and also GRANT such other relief this Honorable Court

deems fair and just.

## COUNT XXXIX

### *Estate of Anthony Anderson. v. Strohman, Vodarick, and Boyd*

*Survivor (Battery)*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-317 as if

fully set forth herein:

318.    For all of the reasons identified in Counts I-XXXVIII, Plaintiff alleges

the following:  On September 21, 2012, Strohman, Vodarick, and Boyd intentionally and

maliciously attacked from the rear, slammed to the ground head and neck first, repeatedly kicked

and brutally punched and beat Anthony Anderson to death by causing massive internal injuries

and breaking multiple ribs without his consent or approval, and in the presence of his mother and

2 year old grand daughter.

319.    That no crime was being committed at the time Decedent Anthony Anderson was

viciously attacked and neither Strohman, Vodarick, nor Boyd were acting in self defense or

defense of another at the time of Anderson's Attack and beating.

320.     That as a direct and proximate cause of the allegations above, Plaintiff suffered

personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's

Declaration of Rights and United States Constitution, pain & suffering, conscious pain and

suffering, pre-impact fright, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the

amount of $20,000,000.00 jointly and severally against Defendant which includes compensatory,

and punitive damages if applicable; and also GRANT such other relief this Honorable Court

deems fair and just.


## COUNT XXXX

### *Estate of Anthony Anderson v. Baltimore City Police Department*

#### *Survivor (Battery)*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-320 as if

fully set forth herein:

321.     For all of the reasons identified in Counts I-XXXIX, Plaintiff alleges the

following:  On September 21, 2012, the policies, practices and customs of the Baltimore City

Police Department of "using excessive force first then asking questions later" lead to Strohman,

Vodarick, and Boyd intentionally and maliciously attacked from the rear, slammed to the ground

head and neck first, repeatedly kicked and brutally punched and beat Anthony Anderson to death

by causing massive internal injuries and breaking multiple ribs without his consent or approval,

and in the presence of his mother and 2 year old grand daughter.

316.     That no crime was being committed at the time Decedent Anthony Anderson was

viciously attacked and neither Strohman, Vodarick, nor Boyd were acting in self defense or

defense of another at the time of Anderson's Attack and beating

317.    That as a direct and proximate cause of the allegations above, Plaintiffs suffered

personal injuries, a loss of liberty, loss of life, violation of his rights under Maryland's

Declaration of Rights and United States Constitution, pain & suffering, conscious pain and

suffering, pre-impact fright, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgment in the

amount of $20,000,000.00 jointly and severally against Defendant which includes compensatory,

and punitive damages if applicable; and also GRANT such other relief this Honorable Court

deems fair and just.

Respectfully submitted,

_____/s/_____
J. Wyndal Gordon
**THE LAW OFFICE OF J. WYNDAL GORDON, P.A.**
10 North Calvert Street, Suite 930
Baltimore, Maryland 21202
410.332.4121
Attorney for Plaintiffs

**ESTATE OF ANTHONY ANDERSON, SR**      \*        IN THE
*Decedent*
1208 North Montford Avenue              \*        UNITED STATES
Baltimore, Maryland 21213
                                        \*        DISTRICT COURT
    Plaintiff
                                        \*        FOR THE

**EDITH FLETCHER**                      \*        NORTHERN DISTRICT
*Mother of Decedent/*
*Personal Representative for the*       \*        OF
*Estate of Anthony Anderson*
1208 North Montford Avenue              \*        MARYLAND
Baltimore, Maryland 21213
                                        \*
    Co-Plaintiff
                                        \*

**LEON ANDERSON**                       \*        CASE#:
*Father of Decedent*
1300 East Lanvale Street, Apt. 507      \*
Baltimore, Maryland 21213
                                        \*
    Co-Plaintiff
                                        \*

**ANTHONY ANDERSON, JR**                \*
*Son of Decedent*
1208 North Montford Avenue              \*
Baltimore, Maryland 21213
                                        \*
    Co-Plaintiff
                                        \*

**YVONNE ANDERSON**                     \*
*Daughter of Decedent*
1421 East Federal Street,               \*
Baltimore, Maryland 21213
                                        \*
    Co-Plaintiff
                                        \*

**JEAN ANDERSON**                       \*
*Daughter of Decedent*

83

2642 McElderry Street, Apt. 002                    *
Baltimore, Maryland 21205
                                                   *
**MARCUS PETTIFORD**
*Son of Decedent*                                  *
5704 Radecke Avenue
Baltimore, Maryland 21206                           *


        Co-Plaintiff                               *


                                                   *

**TERRENCE MANOCKY**
*Son of Decedent*                                  *
847 North Cameron Avenue,
Winston Salem, North Carolina 27101                *


                                                   *
        v.
                                                   *


**TODD STROHMAN**                                  *
*Individually and in his Official Capacity*
Baltimore City Police Department                    *
601 East Fayette Street,
Baltimore, Maryland 21202                           *


        Defendant                                  *

**MICHAEL VODARICK**                               *
*Individually and in his Official Capacity*
Baltimore City Police Department                    *
601 East Fayette Street,
Baltimore, Maryland 21202                           *


        Co-Defendant                               *


                                                   *

**GREGG BOYD**
*Individually and in his Official Capacity*         *
Baltimore City Police Department
601 East Fayette Street,                            *
Baltimore, Maryland 21202
                                                   *
        Co-Defendant

                                                    *

**MAYOR AND CITY COUNCIL OF**                       *
**BALTIMORE CITY**
City Hall                                           *
100 North Holiday Street,
Baltimore, Maryland 21202                           *

        Co-Defendant                                *

                Serve On:                           *

                George Nilson                       *
                City Solicitor
                100 North Holiday Street,           *
                Suite 101
                Baltimore, Maryland 21202           *

**BALTIMORE CITY POLICE DEPARTMENT**                *
601 East Fayette Street,
Baltimore, Maryland 21202                           *

        Co-Defendant                                *

                Serve On:                           *
                Anthony Batts
                Commissioner                        *
                601 East Fayette Street,
                Baltimore, Maryland 21202           *

                        Or                          *

                Ralph Tyler                         *
                City Solicitor
                101 City Hall                       *
                Baltimore, Maryland 21202
*************************************************************************

## REQUEST FOR JURY TRIAL

All Plaintiffs Request a Jury Trial in this matter.

Respectfully submitted,

____/s/_____
J. Wyndal Gordon
**THE LAW OFFICE OF J. WYNDAL GORDON, P.A.**
10 North Calvert Street, Suite 930
Baltimore, Maryland 21202
410.332.4121
Attorney for Plaintiffs