**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ESTATE OF ANTHONY ANDERSON**, SR, et al. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| **TODD STROHMAN, et al.** | * | CASE#      1:13-CV-03167-GLR |
| | | |
| Defendants | * | |

*******************************************************************************

**RESPONSE TO DEFENDANT BALTIMORE CITY POLICE DEPARTMENT'S (BPD's)**
**MOTION TO BIFURCATE TRIAL AND STAY DISCOVERY**
**ON CLAIMS AGAINST BPD**

**NOW COMES**, the Estate of Anthony Anderson, by and through its *Personal Representative,* Edith Fletcher, Edith Fletcher in her individual capacity as *Mother of Decedent*, Leon Anderson, *Father of Decedent*, Anthony Anderson, Jr., *Son of Decedent*, Yvonne Anderson, *Daughter of Decedent*, Jean Anderson, *Daughter of Decedent*, Marcus Pettiford, *Son of Decedent*, and Terrence Manocky, *Son of Decedent*, to present this Response to Baltimore City Police Department's (BPD's) Motion to Bifurcate Trial and Stay Discovery on Claims Against BPD pursuant to Rule 42(b), alleging as true the following:

**STATEMENT OF FACTS**

That on or about Tuesday, the 29th day of April, 2014, Defendant BPD (BPD or Defendant) conferred with Plaintiffs about its desire to bifurcate the trial and stay discovery against it in the instant matter.  Co-Defendants Strohman, Vodarick, and Boyd (Co-Defendants)

1

had consented to bifurcation and stay of discovery early on.  Plaintiffs' counsel, unsettled with

the nuances of bifurcation/stay issue and the pitfalls associated with consenting thereto, requested

that Defendant provide him with case law in support of their position. Defendant's counsel kept

reiterating that bifurcations/stay orders were routinely issued in cases like the instant and

Plaintiffs' wanted to become more comfortable with Defendant's proposal.  Defendant obliged

by providing what appeared to be a 'cut & paste' excerpt from one of BPD's previously filed

motion in an unrelated case on the subject.  (Pl. & Df. Email thread dated Apr. 29, 2014).

Plaintiff reviewed the cases cited in the excerpt provided and found them to be somewhat

helpful.  *Id.*

      Plaintiffs used the cases cited by Defendant to conduct their own independent research.

Upon doing so, Plaintiffs discovered that it made sense to agree to bifurcation and a limited stay

provided that the appropriate safeguards remained in place for Plaintiffs to obtain discovery

against Co-Defendant's without having to overcome unnecessary impediments to inevitable

discovery.

      On May 6, 2014, Plaintiffs counsel sent Defendant's the following email agreeing to

Defendants suggestion of bifurcation/stay.  (Pl. & Df. Email thread dated May 6, 2014).  The

email stated as follows (Bifurcation/Stay of Discovery):

      S.,

      *I think we can work this out in the manner in which you've
      suggested.* You've noted:

            "The BPD would be willing to consent to third party
            discovery against it, for matters that are relevant to
            the claims against the individual officers, subject to
            objections concerning privilege or

2

> documents/information which BPD is not legally
> authorized to release. I am happy to discuss this
> with you."
>
> Please call. I think this is a workable solution of which I am certain
> I can agree with just some minor clarification. I called you this am
> stating something different.  *I found another case that convinces
> me you are on to something reasonable*.
>
> J.  *Id.*

On the next morning, May 7, 2014, Plaintiffs and Defendant conferred again via telephone.  At

that time, Plaintiffs agreed to consent to Defendant's original Motion to Bifurcate/Stay proposal

so long as the *exact* same language used in its email mentioned above dated April 29, 2014,

appeared in its Motion.  Defendant agreed to oblige.

In the afternoon of May 7, 2014, however, Defendant provided Plaintiffs with a modified

proposal containing additional language for which Plaintiff did/could not agree.  (Pl. & Df. Email

thread dated May 7, 2014).  Despite Plaintiffs' request to return the language that was agreed

upon, Defendant refused.  *Id.*  As a result, Plaintiffs withdrew their consent.  However, even in

doing so, Plaintiffs were still willing to come to some meeting of the mind.  *Id.*  However,

instead of reincorporating the originally agreed upon language in its Motion, or clarifying its

position, Defendant decided to file the motion 'as is'.  Accordingly, Plaintiffs submit this timely

Response.

For the record, Plaintiffs do not object to a bifurcation of the trial, the case law, common

wisdom, and prudence dictates that the case be bifurcated.  Plaintiffs do however object to what

they perceive to be too narrow of a Stay of discovery without further clarification.  Or at the very

least, Plaintiffs wish to obtain a clear order from the court of what BPD must produce to

Plaintiffs in response to a reasonable Rule 26 request for discovery related to its claims against

Co-Defendants Strohman, Vodarick, and Boyd.  As BPD remains a 'party Defendant' itself,

Plaintiff does not believe BPD should be entitled to impede the production of inevitable Rule 26

Discovery against Co-Defendant by acting as if it were not (even though limited by bifurcation/

and perhaps a limited stay of discovery) and denying Plaintiff's reasonable discovery requests

citing exemptions found in the Maryland Public Information Act.  For these reasons, Plaintiffs

assert this Response.

## **LEGAL ANALYSIS**

### **Standard of Review**

Under Fed.R.Civ.P. 42(b), "[f]or convenience to avoid prejudice, or to expedite and

economize," the court may order separate trials of any claims or issues. The court has broad

discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will

be set aside only if clearly abused.  *Dixon v. CSX Transp., Inc.,* 990 F.2d 1440, 1443 (4th Cir.),

*cert. denied,* 510 U.S. 915 (1993); *Dawson v. Prince George's County,* 896 F. Supp. 537, 539

(D. Md.1995).

Although Rule 42 does not expressly address the bifurcation of discovery, courts have

looked to similar factors as those relevant to the bifurcation of trial when determining whether

discovery related to the deferred claims should be stayed.  *See Taylor v. Maryland,* Civ. No.

DKC–10–2167, 2010 WL 5247903 at *2 (D.Md. Dec.16, 2010); *Swagler v. Harford County,*

2009 WL 3747175 at *2 (D.Md. Nov.4, 2009) *Marryshow v. Town of Baldensburg,* 129 F.R.D.

4

318, 319 (D. Md. 1991); *Dawson,* 896 F.Supp. at 540.

Plaintiffs again do not object to the court bifurcating and staying discovery of the deferred claims against BPD.  However, Plaintiffs are greatly concerned about (1)  BPD potentially refusing to provide discovery of information sought in Plaintiffs' pursuit of their claims against Co-Defendants that may tenuously have joint implications on BPD, and (2)  discovery of information that may be forbidden from disclosure by the Maryland Public Information Act (MPIA) but perfectly acceptable under Rule 26.

Plaintiffs do not wish to get mired in parallel litigation forced to be initiated in the circuit court for Baltimore City pursuant to the MPIA, *see* SG §10-623, to compel disclosure of documents clearly discoverable in Plaintiffs' pursuit of their claims against Co-Defendants, –which will not involve the MPIA but instead Rule 26 so long as BPD remains recognized as a party to the litigation and the court's order clearly sees them as such for purposes of obtaining discovery against Co-Defendants.

"Bifurcation of discovery is the exception, rather than rule, and it is clear that in most instances, regular --that is, un-bifurcated --discovery is more efficient."  *Central Transport Intern., Inc. v. General Elec. Co.*, Not Reported in F. Supp.2d, 2008 WL 4457707 (W.D.N.C. 2008) *citing Belk, Inc. v. Meyer Corp.,* 2008 WL 2704792, at 2 (W.D.N.C. July 07, 2008) ("Motion For Bifurcation Of Discovery" denied in favor of a "regular discovery period that would allow for a more efficient process"); *Carver v. Velocity Express Corp.,* 2008 WL 2079819, at 2 (W.D.N.C. May 15, 2008) (concluding that bifurcated discovery would be less efficient); *and Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.,* 403 F. Supp.2d 451, 461 (D.Md.2005) (bifurcation of discovery "would not further judicial economy").

Plaintiffs appreciate the differences that *Monell*-type cases present to the court, and believe that some limitations on discovery may be cost-effective, economical and non-prejudicial to all parties involved.  *See Young v. City of Mount Ranier,* 238 F.3d 567, 579 (4th Cir.2001) (A municipality can only be held liable under §1983 if the plaintiff first establishes that some county employee violated his constitutional rights); *James v. Frederick County Pub. Sch.,* 441 F. Supp.2d 755, 761 (D. Md. 2006).  However, erecting MPIA barriers to reasonable discovery should be preemptively stricken before they even become an issue.

So long as Defendant BPD remains recognized as a party to the instant federal lawsuit, Plaintiffs submit that the federal rules of civil procedure apply.  Namely Federal Rule 26 applies for purposes of obtaining discoverable information/documents regarding Plaintiffs claims against Co-Defendants from BPD under its agreement to provide limited discovery.

Since at least 1974, four years after the enactment of the MPIA, this Court has recognized that "the exemptions in the [MPIA] do not create privileges for the purposes of discovery. " *Boyd v. Gullett,* 64 F.R.D. 169, 178 (D. Md.1974).  *Shriner v. Annapolis City Police Dept.*, Not Reported in F.Supp.2d, 2012 WL 959380 *3 (D. Md. 2012).  More recently, in *Mezu v. Morgan State University*, 269 F.R.D. 565, 576 (D. Md. 2010), Chief Magistrate Judge Paul W. Grimm again confirmed that "the MPIA does not bar discovery of otherwise discoverable documents." As Judge Grimm explained, discovery in a federal civil action is governed by Rule 26 of the Federal Rules of Civil Procedure, which generally permits the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  Moreover, "there is no legal justification for claiming that the MPIA is a privilege that would warrant refusal to produce documents pursuant to Fed.R.Civ.P. 26(b)(1)."

*Mezu,* 269 F.R.D. at 576.

As the Court explained in both *Mezu* and *Boyd,* courts look to federal precedent regarding the federal Freedom of Information Act as persuasive when interpreting the MPIA. *See Mezu,* 269 F.R.D. at 576; *Boyd,* 64 F.R.D. at 176-78; *see also Stromberg v. Metal Works, Inc. v. Univ. of Md.,* 395 Md. 120, 127 n. 2 (2006); *MacPhail v. Comptroller,* 178 Md. App. 115, 119 (2008). It is well settled that the FOIA does not create privileges from discovery in civil litigation. *Mezu,* 269 F.R.D. at 576 (citing cases); *see, e.g., Chamber of Commerce v. Legal Aid Soc'y,* 321 U.S. 1309, 1310 (1975) (Douglas, J., Circuit Justice) (denying application for stay of discovery order) ("[T]he Freedom of Information Act creates no privileges . . ."). *Shriner v. Annapolis City Police Dept.*, Not Reported in F.Supp.2d, 2012 WL 959380 *3 n. 2 (D. Md. 2012).

Indeed, even if the MPIA did create an evidentiary privilege, it is doubtful whether an evidentiary privilege created by state law would apply in a case such as this. *Shriner*, at *3. This case was filed in federal court pursuant to federal question jurisdiction over plaintiffs' federal constitutional claims, *see* 28 U.S.C. §1331, and the Court has supplemental jurisdiction over their state law claims. *See* 28 U.S.C. §1367. *See Id.* Although the Supreme Court has not definitively resolved the question (and the lower federal courts are divided on the issue), the Fourth Circuit has held that "in a case involving both federal and state law claims, the federal law of privilege applies," rather than state law concerning evidentiary privileges. *Id., citing Virmani v. Novant Health, Inc.,* 259 F.3d 284, 286 n. 3 (4th Cir.2001) (citing, *inter alia,* Fed.R.Evid. 501 and *Jafee v. Redmond,* 518 U.S. 1, 15 n. 15(1996)).

In the instant case, in accordance with Federal Rule 26(b)(1), Plaintiffs expect that they will be requesting all Personnel, Internal Investigations Division (IID), and Criminal

Investigative records, notes and reports concerning or surrounding the death of Anthony

Anderson, inclusive of all IID complaints filed on behalf of decedent Anthony Anderson, all

investigative notes, incident reports, arrest reports, Statements of Probable Cause; the contents of

any files, any witness statements –oral or written, oral statements of decedent, medical records of

decedent as well as any reports, printouts or any other discoverable evidence arising from the

written work of every police officer who participated in any way in the *now closed* investigation

arising out of and/or surrounding the death of Anthony Anderson.  All of this information is

discoverable under Rule 26 and arguably discoverable under §10-611(i)(2)(i) of the MPIA as

decedent Anderson meets the definition of a "person in interest."

Plaintiffs additionally expect BPD to produce in response to Plaintiffs reasonable

discovery requests, any and all documents, reports, information or communication about prior

lawsuits filed against Co-Defendants for use of excessive force, and all other state or federal

Constitutional violations of a similar nature complained of in Plaintiffs complaint, the amount in

which they settled for (or awarded); Plaintiffs expect BPD to produce for discovery any sustained

police administrative violations with or without discipline of either Co-Defendant related to

complaints of excessive force, or unreasonable aggression or similar conduct, including conduct

unbecoming of an officer or aiding and abetting such conduct; Plaintiff expects BPD to produce

in response to a reasonable discovery request information concerning whether or not anyone of

the Co-Defendants were ever treated by a psychologist or psychiatrist for mental illness in order

to return to full duty after being involved in any police involved shootings, and if so, Plaintiffs

will be requesting a copy of those records as well (PTSD or similar diagnosis).  All of this

information would be discoverable under Rule 26.  See also Fed. R. Civ. P. 404(b).  This

information could easily lead to witnesses who (1) have been previously aggrieved by either one of the Co-Defendants, (2) who have documented their propensity for violence, (2) have reported or witnessed their previous misconduct. This information will also uncover whether a witness has been the subject of excessive force administered by any of the Co-Defendants, or whether anyone of the Co-Defendants had knowledge or was aware that they were mentally prone to violence as a result of post traumatic stress syndrome or similar diagnosis.

Plaintiffs also expect that they will be requesting that Defendant BPD produce a copy of its police arrest training manuals, Standard Operating Procedures applicable during the time of Plaintiff decedent's death; Plaintiffs expect that they'll request BPD's internal police procedures, policies, and regulations regarding and/or relating to Fourth Amendment training, use of force training including use of martial arts, wrestling moves and other take-down maneuvers, recovery of contraband ingested or swallowed by a suspect training, and evidentiary seizure training. *Johnson v. Baltimore City Police Dept*., Not Reported in F. Supp. 2d 2013 WL 497868 *7 (D. Md. 2013) ("MPIA does <u>not</u> protect documents that constitute the official statement of the policy after it has been promulgated;" "departmental policies . . . are outside the purview of SG §10-618(b).")  SG §10-618(b) (applies only to documents that *"would <u>not</u> be available* by law to a private party in litigation with the unit.").  All of these documents would be available to Plaintiff in litigation with Co-Defendants, and Defendants BPD.


## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs are requesting that this court issue an order instructing that any objections to Plaintiffs discovery requests propounded to BPD but reasonably

calculated to lead to the discovery of admissible evidence against Co-Defendants should not be denied on account of the MPIA.  Even if the evidence requested constitutes hybrid evidence or evidence that may have joint implications as some of it may, Defendants should be ordered to produce to Plaintiffs said evidence reasonably calculated to lead to the discovery of admissible evidence against Co-Defendants.

For all of the above reasons, Plaintiffs are requesting an order that contains the following language:

"**IT IS ORDERED**, that Plaintiffs be allowed limited discovery of BPD as permitted under Federal Rule 26 to obtain discovery reasonably calculated to lead to the discovery of admissible evidence against Co-Defendants, Todd Strohman, Michael Vodarick, and Gregg Boyd;

**IT IS FURTHER ORDERED**, that any evidence sought for production by Plaintiffs that may be considered hybrid evidence or evidence that may tend to have joint implications for BPD and Co-Defendants, Todd Strohman, Michael Vodarick, and Gregg Boyd, such as requests for police policies, rules, regulations, standard operating procedures, and/or training manuals, should be produced to Plaintiffs without undue delay;

**IT IS FURTHER ORDERED**, that reliance upon exemptions to the Maryland Public Information Act is not a legal nor acceptable basis for denying production of discovery related to Plaintiffs claims against Co-Defendants, Todd Strohman, Michael Vodarick, and Gregg Boyd under Federal Rule 26."

Respectfully submitted,

_____/s/_____
J. Wyndal Gordon
Fed. Bar #23572
**THE LAW OFFICE OF J. WYNDAL GORDON**
20 South Charles Street, Suite 1102
Baltimore, Maryland 21202
410.322.4121 o
410.347.3144 f
jwgaattys@aol.com
*Counsel for Plaintiff*


<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY**, this _30[th] _ day of _May_, 2014, that the foregoing Response to Baltimore City  Police Departments Joint Opposition to Baltimore City Police Department's (BPD's) Motions to Bifurcate Trial and Stay Discovery on Claims Against BPD was served upon:

Suzanne Sangree
**BALTIMORE CITY OFFICE OF LAW**
Division of Legal Affairs
100 North Holiday Street, Suite 101
Baltimore, Maryland 21202


Peter Sheehan
**WHITEFORD TAYLOR & PRESTON**
Seven Saint Paul Street,
Baltimore, Maryland 21202

____/s/_____
J. Wyndal Gordon

11