UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

June 19, 2014

MEMORANDUM TO COUNSEL RE:  Estate of Anthony Anderson, Sr., et al. v.
Todd Strohman, et al.
Civil Action No. GLR-13-3167

Dear Counsel:

Pending before the Court is Baltimore City Police Department's ("BPD") Motion to Bifurcate and to Stay Discovery on the Claims Against the BPD. BPD is seeking an order bifurcating the trial of Plaintiffs' claims against Police Officers Todd Strohman, Michael Vodarick, and Gregg Boyd (collectively, the "Officer Defendants") from the claims against BPD in this matter and staying discovery against BPD until Plaintiffs' claims against the Officer Defendants are resolved. The Plaintiffs have filed a response to the Motion, and BPD and the Officer Defendants have filed a reply. The Motion is ripe for disposition and no hearing is necessary pursuant to Local Rule 105.6 (D.Md. 2011). For reasons outlined below, the Court will grant BPD's Motion to Bifurcate and Stay Discovery on the claims against BPD.

Upon review of the Motion, all parties in this case agree to bifurcate Plaintiffs' action for deprivation of rights, pursuant to 42 U.S.C. § 1983 (2012), alleged against the Officer Defendants from the Section 1983 claims alleged against BPD. Further, the parties agree to Stay all claims against the BPD until after the adjudication of the Section 1983 claims against the Officer Defendants. Finally, the parties agree that discovery should be stayed against the BPD until the individual claims against the Officer Defendants are resolved, but that Plaintiffs should be permitted to seek third party discovery against the BPD in matters relevant to the claims against the individual Officer Defendants.

There is a dispute, however, concerning the scope of that third-party discovery. To the extent that discovery sought by the Plaintiffs constitutes evidence of Section 1983 claims against both the BPD and the individual Officer Defendants that is relevant and admissible, or could lead to the discovery of admissible evidence against the individual Officer Defendants, the Plaintiffs are entitled to such information. The Court specifically declines to address, via advisory opinion, the merit of any objection to specific discovery requests made by the Plaintiffs in this case.

For the foregoing reasons, the BPD's Motion to Bifurcate and to Stay Discovery on the Claims Against the BPD (ECF No. 31) is GRANTED. The Section 1983 claims alleged against BPD are STAYED. Plaintiffs, however, are permitted to seek third party discovery against the BPD in matters relevant to the claims against the individual Officer Defendants. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge