## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ESTATE OF ANTHONY ANDERSON, JR., ET AL. | * |
| | * |
|     Plaintiffs, | |
| | * |
| v. | Civil Case No:  1:13-cv-03167-GLR |
| | * |
| TODD STROHMAN, ET AL. ET AL. | * |
| | |
|     Defendants | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPLY IN FURTHER SUPPORT OF DEFENDANT GREGG BOYD'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS

Defendant Detective Gregg Boyd ("Det. Boyd"), by his undersigned counsel, submits this Reply in Further Support of his Motion for Summary Judgment on All Claims.

### I.     INTRODUCTION AND SUMMARY

Det. Boyd moved for summary judgment on the grounds that (1) Plaintiffs acknowledge that Detective Todd Strohman ("Det. Strohman")—not Det. Boyd—effectuated the seizure and takedown of Plaintiffs' decedent, Anthony Anderson, and (2) there is no evidence from which a reasonable juror could find that Det. Boyd kicked Mr. Anderson while he was in police custody. Plaintiffs' Opposition confirms that there is no genuine dispute of material fact regarding these issues and that Det. Boyd is entitled to judgment as a matter of law.

Plaintiffs' Opposition emphasizes rhetoric over law and facts.  Plaintiffs cite no authority suggesting that Det. Boyd is legally responsible for the degree or nature of the force used by Det. Strohman to effectuate Mr. Anderson's seizure.  Therefore, Det. Boyd is entitled to summary judgment on all claims of excessive force during the course of Mr. Anderson's seizure.

Additionally, Plaintiffs' argument that three officers (including Det. Boyd) kicked Mr. Anderson is undone by Plaintiffs' own prior admissions that only one officer kicked Mr. Anderson and, in any event, is not supported with admissible evidence. Therefore, Det. Boyd also is entitled to summary judgment on all claims of excessive force allegedly occurring while Mr. Anderson was in police custody.

## II.     REPLY ARGUMENT

### A.     Det. Boyd's Motion Is Not Premature.

"The Supreme Court has directed that 'qualified immunity questions should be resolved at the earliest possible stage of a litigation.'" *Smith v. Reddy*, 101 F.3d 351, 357 (4th Cir. 1996) (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987)). Here, the record demonstrates Det. Boyd's entitlement to summary judgment, and Plaintiffs cannot describe any further discovery needed to respond to Det. Boyd's motion. As a threshold matter, Plaintiffs' Opposition does not include a Rule 56(d) affidavit setting forth "specified reasons" why they "cannot present facts essential to justify [their] opposition." *See* FED. R. CIV. P. 56(d). For this reason alone, Plaintiffs' argument that Det. Boyd's motion is premature should be rejected.

Additionally, Det. Boyd's motion relies on admissions by Plaintiffs Yvonne Anderson and Anthony Anderson, Jr. that only one officer kicked Mr. Anderson—admissions that they do not disavow in their Opposition. Furthermore, the deposition testimonies of Shayner Anderson and Keith Johnson—whose transcripts Plaintiffs complained are essential to their Opposition (Opp'n at p. 9)—do not support Plaintiffs' position, as both witnesses testified that they <u>saw</u> only one officer kick Mr. Anderson. *See* February 16, 2015 Deposition of Shayner Anderson, excerpt attached as **Exhibit A**, at p. 12; February 16, 2015 Deposition of Keith Johnson, excerpt attached

as **Exhibit B**, at 14.  Plaintiffs have not pointed to any competent, admissible evidence that Det. Boyd kicked Mr. Anderson.  Supposition and conjecture is not sufficient.

Accordingly, Det. Boyd's motion for summary judgment is not premature, and summary judgment should be entered in his favor on all claims.

### B. Det. Boyd Is Entitled to Summary Judgment on All Claims of Excessive Force Arising Out of the Det. Strohman's Seizure of Mr. Anderson.

Plaintiffs' Opposition does not set forth any facts to dispute Det. Boyd's testimony that he was still in the police vehicle when Det. Strohman seized Mr. Anderson.  *See* Det. Boyd Dep. at 31, 38.[1]  That fact alone entitles Det. Boyd to summary judgment on claims based on Det. Strohman's seizure of Mr. Anderson.

Plaintiffs' Opposition focuses extensively on Det. Boyd's observations leading up to Det. Strohman's seizure of Mr. Anderson.  Det. Boyd's actions or impressions leading up to the Det. Strohman's physical encounter with Anderson are irrelevant for two reasons.  First, Plaintiffs do not assert any claims challenging the lawfulness of Det. Strohman's decision to stop Mr. Anderson, instead focusing their claims only on the degree of force used by Det. Strohman to effectuate the seizure and the alleged force used on Mr. Anderson while he was in custody.  *See generally* Compl.  In fact, Plaintiffs have conceded that the stop was lawful.  *See* Det. Strohman Dep., admission by Plaintiffs' counsel, at 65 ("I'm not questioning the stop.  I'm questioning the force. . . .  Now, does he have the right to stop him?  Of course he does, but what becomes an issue is the force that's used to stop . . . .").[2]  Second (and more fundamentally), even if Plaintiffs

---

[1] Relevant excerpts of Det. Boyd's deposition transcript are attached as Exhibit B to his Memorandum in Support of his Motion for Summary Judgment.

[2] Relevant excepts of Det. Strohman's deposition transcript are attached as Exhibit A to Det. Boyd's Memorandum in Support of his Motion for Summary Judgment.

were challenging the lawfulness of the seizure, the Complaint does not allege Det. Boyd effectuated the seizure, and Plaintiffs' Opposition points to no facts suggesting that Det. Boyd effectuated the seizure. Plaintiffs' Opposition does not cite any authority for the proposition that Det. Boyd is liable for Det. Strohman's seizure of Mr. Anderson or the level of force Det. Strohman used to effectuate the seizure.

Accordingly, Det. Boyd is entitled to summary judgment on all claims of excessive force arising out of Det. Strohman's seizure of Mr. Anderson.[3]

### C. Det. Boyd Is Entitled to Summary Judgment on All Claims of Excessive Force Occurring While Mr. Anderson Was in Police Custody.

Det. Boyd and Det. Strohman testified unequivocally that Det. Boyd did not kick Mr. Anderson. *See* Det. Boyd Dep. at 55; Det. Strohman Dep. at 83. Plaintiffs endeavor to avoid summary judgment as to Det. Boyd by arguing that three police officers kicked Mr. Anderson. Their argument rests entirely on inadmissible hearsay statements Plaintiff Edith Fletcher made to detectives investigating Mr. Anderson's death. Plaintiffs' effort to create a dispute of fact should be rejected for at least three separate reasons.

First, Plaintiff Edith Fletcher's statements to investigators are not admissible. They are hearsay, and Plaintiffs cite no authority for their admissibility. *See* FED. R. EVID. 802. Additionally, Plaintiffs do not (and cannot) explain how the statement will "be presented in a form that would be admissible in evidence" at trial. *See* FED. R. CIV. P. 56(c)(2). Plaintiffs'

---

[3] Plaintiffs' spurious allegation that the CDS evidence against Mr. Anderson (i.e. his DNA on recovered CDS) "was fabricated" or "corruptly manufactured" (Opp'n p. 5) by the Baltimore Police Department and that Det. Boyd somehow is implicated is not only unsupported argument, but it has no relevance to the causes of action in Plaintiffs' Complaint or the issues presented by this summary judgment motion. Plaintiffs do not even tie their manufactured-CDS allegation to any argument in their Opposition.

contention that Plaintiff Edith Fletcher now suffers from dementia (presumably because they claim she is now "unavailable" for purposes of the hearsay rules) does not make her statements to detectives admissible evidence or a proper consideration at the summary judgment stage. Her statements to detectives were not given under oath at a trial, hearing, or deposition. *See* FED. R. EVID. 804(b)(1). Moreover, homicide detectives investigating the circumstances of Mr. Anderson's for potential criminal wrongdoing by the officers are not the "predecessor[s] in interest" of the Defendant police officers in this case, and they obviously did not have a "similar motive to develop" Plaintiff Edith Fletcher's testimony. *Id.* Indeed, the detectives were investigating the officers, not defending the officers.

Second, Plaintiffs' argument that three officers kicked Det. Boyd is undone by the admissions of Plaintiffs Yvonne Anderson and Anthony Anderson, Jr., who claim to be eyewitnesses to the occurrence. Det. Boyd cited their admissions in his motion, and those admissions bear repeating here:

> Q: Okay. How many people kicked your father?
>
> A: One.

*See* Y. Anderson Video Tr. at 18.[4]

> Q: Which -- how many officers were doing the kicking?
>
> A: One.

*See* A. Anderson, Jr. Video Tr. at 33.[5] Furthermore, Yvonne Anderson even admitted that one of the officers was "over by the car." *See* Y. Anderson Video Tr. at 14-15. She also admitted that

---

[4] The transcript of Yvonne Anderson's videotaped statement is attached as Exhibit D to Det. Boyd's Memorandum in Support of his Motion for Summary Judgment.

the officer she claims kicked Mr. Anderson only kicked him one time, in the leg; and she could not be sure that the kick "was the type of kick that was designed to hurt [Mr. Anderson]." *Id.* at 18-19, 20-21.

Nowhere in Plaintiffs' Opposition do Plaintiffs Yvonne Anderson or Anthony Anderson, Jr. disavow, qualify, explain, or expound upon their unequivocal admissions. Thus, their admissions stand as they are: categorical admissions that only one officer kicked Mr. Anderson. Consequently, Det. Boyd is entitled to summary judgment.

Third, "a party may not defeat summary judgment by disputing its own evidence." *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 972 F. Supp. 2d 748, 771 (D. Md. 2013); *see also Stevenson v. City of Seat Pleasant*, No. RWT 09cv1791, 2011 U.S. Dist. LEXIS 53655, 2011 WL 1899238, at *2 ("Because the only issue of fact regarding Defendant Adey's role as an attacker is to determine which of Mr. Barnett's conflicting versions of fact is correct, there is not a genuine dispute sufficient to survive summary judgment."). Plaintiffs cannot manufacture a dispute of material fact by impeaching each other or disputing their own versions of events, which is apparently what Plaintiffs seek to do through the inadmissible hearsay statements of Plaintiff Edith Fletcher. Indeed, "'[a] genuine issue of material fact is not created where the only issue of fact is to determine which of the [] conflicting versions of the plaintiff's testimony is correct.'" *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 198 (4th Cir. 1997) (quoting *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir.1984)).

---

[5] The transcript of Anthony Anderson, Jr.'s videotaped statement is attached as Exhibit G to Det. Boyd's Memorandum in Support of his Motion for Summary Judgment.

Accordingly, Det. Boyd is entitled to summary judgment on all claims of excessive force occurring while Det. Boyd was in police custody.[6]

## III.   CONCLUSION

Plaintiffs have had sufficient opportunity to conduct discovery concerning their allegations against Det. Boyd.  For the reasons set forth above and in Det. Boyd's Motion for Summary Judgment and Supporting Memorandum, the record already demonstrates Det. Boyd's entitlement to summary judgment on all of Plaintiffs' claims.

Respectfully Submitted,

*/s/ Peter W. Sheehan, Jr.*
**Harry S. Johnson, Bar No.: M00618**
**Christopher C. Jeffries, Bar No.: 28587**
**Peter W. Sheehan, Jr., Bar No.: 29310**
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
(410) 347-8700
***Attorneys for Defendant Gregg Boyd***

---

[6] Plaintiffs' Opposition also includes a supplemental report by their expert, Dr. Lamont Smith of the Patient Advocacy Group, LLC, in which Dr. Smith opines that it is "almost" inconceivable that Mr. Anderson's injuries occurred from falling to the ground or being slammed to the ground. The report is not relevant to this summary judgment motion.  Putting aside the foundational and other admissibility problems with Dr. Smith *ipse dixit* opinion, Dr. Smith does not say (and cannot say) that Det. Boyd kicked Mr. Anderson.  This motion concerns only Det. Boyd.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of February, 2015, a copy of Defendant Detective Gregg Boyd's Reply in Further support of His Motion for Summary Judgment on All Claims was served via the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, to all counsel of record.

*/s/ Peter W. Sheehan, Jr.*
Peter W. Sheehan, Jr.