UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

August 14, 2015

MEMORANDUM TO COUNSEL RE:   <u>Estate of Anthony Anderson, Sr., et al. v. Todd Strohman, et al.</u>
Civil Action No. GLR-13-3167

Dear Counsel:

Pending before the Court are Plaintiffs'[1] Motion to Alter Amend and/or Revise Judgment Granting Defendant Boyd's Motion for Summary Judgement (ECF No. 53) and Defendant Detective Gregg Boyd's ("Det. Boyd") Motion to Strike Affidavit of Edith Fletcher (ECF No. 60). The Court, having reviewed the Motions and supporting documents, finds no hearing necessary. <u>See</u> Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, Plaintiffs' Motion to Alter Amend will be denied and Det. Boyd's Motion to Strike Affidavit of Edith Fletcher Motion will be denied as moot.

On May 11, 2015, the Court granted Det. Boyd's Motion for Summary Judgment on all claims against him. (ECF No. 52). The Court concluded that Plaintiffs could not demonstrate that Det. Boyd acted with excessive force because they failed to attribute to him any of the alleged tortious acts that contributed to the death of Anthony Anderson. The only evidence presented to the Court from which a reasonable juror could find that Det. Boyd committed any of the alleged tortious acts against Mr. Anderson derived from statements made by Edith Fletcher during investigatory interviews conducted by police on September 21 and October 19, 2012. Thus, Ms. Fletcher's statements to police are critical to Plaintiffs' case against Det. Boyd. Because Plaintiffs cited no authority for the admissibility of Ms. Fletcher's prior out of court statements, however, the Court excluded her September 21 and October 19, 2012 statements to investigators as inadmissible hearsay and granted Det. Boyd judgment as a matter of law. Plaintiffs now move for reconsideration, arguing Ms. Fletcher statements to police are non-hearsay because she adopted those statements during her deposition in this action, when Defendants had a full opportunity for cross-examination.

Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b) and "are not subject to the strict standards applicable to motions for reconsideration of a final judgment."[2]  <u>Am. Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514 (4th Cir. 2003).

---

[1] Plaintiffs are the Estate of Anthony Anderson ("Decedent"), by and through its Personal Representative, Edith Fletcher, Edith Fletcher in her individual capacity as Mother of Decedent, Leon Anderson, Father of Decedent, Anthony Anderson, Jr., Son of Decedent, Yvonne Anderson, Daughter of Decedent, Jean Anderson, Daughter of Decedent, Marcus Pettiford, Son of Decedent, and Terrence Manocky, Son of Decedent.

[2] This case remains pending as to Defendants Todd Strohman and Michael Vodarick.

Resolution of such a motion is "committed to the discretion of the district court" and the goal "is to reach the correct judgment under law." Id. at 515. In considering whether to revise interlocutory decisions, however, a court in this circuit may use the Rule 59(e) standard as guidance. See Beyond Sys., Inc. v. Kraft Foods, Inc., No. PJM-08-409, 2010 WL 3059344, at *2 (D.Md. Aug. 4, 2010) (using the Rule 59(e) standard as guidance to evaluate a motion for reconsideration of an interlocutory order). Pursuant to Rule 59(e), a district court may alter or amend a final judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law [or] prevent manifest injustice." U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998)).

     Preliminarily, with respect to Plaintiffs' argument that Ms. Fletcher's statements to police are non-hearsay, Plaintiffs do not cite, and the Court is unaware, of any decisions recognizing adopted or incorporated statements as non-hearsay in this circuit. Nevertheless, the Court notes that the Advisory Committee Notes to Federal Rule of Evidence 801(d)(1) explains that "[i]f the witness admits on the stand that he made the [prior out-of-court] statement and that it was true, he adopts the statement and there is no hearsay problem." Fed.R.Evid. 801 (Note to Subdivision (d)(1)). "Because reliability is the touchstone for most evidentiary questions," (BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil, 184 F.R.D. 3, 7 (D.D.C. 1999)), however, "it must be established that the prior statement is about as reliable as present testimony for incorporation of a prior statement to be effective," (id.).

     Thus, to incorporate a prior statement into present testimony, a witness must have personal knowledge of the matters addressed by the prior statement such that he is available for cross-examination on his incorporated statements. See id. (explaining the same); see also Fed.R.Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Here, Ms. Fletcher testified during her deposition on December 19, 2014, that she had current personal knowledge of the matter and that her responses at the deposition were true. (Fletcher Dep. 79:6-15, Dec. 19, 2014, ECF No. 58-1). Ms. Fletcher also testified that she had recently reviewed her prior statements, had personal knowledge of the matters discussed therein, and was truthful in her answers at that time. (Fletcher Dep. 83:20-87:1, ECF No. 53-1). Assuming, without deciding, that the record demonstrates Ms. Fletcher effectively adopted her September 21 and October 19, 2012 statements during her December 19, 2014 deposition, however, Plaintiffs still fail to create a genuine dispute sufficient to survive summary judgment.

     "It is well established that '[a] genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.'" Halperin v. Abacus Tech. Corp., 128 F.3d 191, 198 (4th Cir. 1997) (quoting Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) abrogated on other grounds by Baird ex rel. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999)). Yet, here Plaintiffs employ an argument that does precisely that.

In her statements to police investigators, Ms. Fletcher stated that all three officers at the scene kicked and beat Mr. Anderson. (Opp'n Mot. Summ. J. Ex. 6 at 15:6-10, ECF No. 47-6); (Opp'n Mot. Summ. J. Ex. 5 at 20:9-11, ECF No. 47-5). During her deposition on December 19, 2014, however, Ms. Fletcher testified that only two officers kicked Mr. Anderson while he was in police custody. (Fletcher Dep. 72:10-74:11, ECF No. 47-3). Further, Ms. Fletcher could only affirmatively identified Det. Strohman as one of the officers involved in kicking Mr. Anderson. (Id.). Thus, even if the Court were to conclude that Ms. Fletcher effectively adopted her September 21 and October 19, 2012 statements, because the only issue of fact regarding Det. Boyd's role in the death of Mr. Anderson would be to determine which of Ms. Fletcher's conflicting versions of fact is correct, there is not a genuine dispute sufficient to survive summary judgment.

To the extent Plaintiffs asks the Court to make a credibility determination with respect to Ms. Fletcher's prior statements being more accurate and truthful than her deposition testimony, the Court declines to do so. First, the Court will not assess the credibility of a witness in considering a motion for summary judgment. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). Second, while Plaintiffs argue Ms. Fletcher's memory of the events at the time of her deposition was impaired by her failing physical and mental health, they offered no evidence supporting their contention that Ms. Fletcher was unavailable to testify due to her alleged infirmity. Moreover, Plaintiffs cannot have it both ways. Either Ms. Fletcher was competent and had personal knowledge of the events, therein making her available for cross-examination on December 19, 2014, as a requirement to incorporating her prior statement into her deposition testimony under Rule 602; or she was unavailable due to her alleged infirmity, and her statements to police are excluded by the rule against hearsay. In any event, Plaintiffs have failed to satisfy any of the conditions for reconsideration.

For these reasons, Plaintiffs' Motion to Alter Amend and/or Revise Judgment Granting Defendant Boyd's Motion for Summary Judgement (ECF No. 53) is DENIED and Det. Boyd's Motion to Strike Affidavit of Edith Fletcher (ECF No. 60) is DENIED as MOOT. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

    Very truly yours,

    /s/
    _____

    George L. Russell, III
    United States District Judge