UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

September 14, 2016

MEMORANDUM TO COUNSEL RE:     Estate of Anthony Anderson, Sr., et al. v. Todd
                              Strohman, et al.
                              Civil Action No. GLR-13-3167

Dear Counsel:

Pending before the Court is Plaintiffs' Motion to Reconsider Order Regarding Expert
Testimony (ECF No. 96).  The Motion is ripe for disposition, and no hearing is necessary.  See
Local Rule 105.6 (D.Md. 2016).  For the reasons outlined below, the Court will deny the Motion.

On July 27, 2016, the Court issued an Order granting Defendants' Motion in Limine to
Exclude Certain Opinions of Plaintiffs' Medical Experts and Motions for Partial Summary
Judgment on the Issue of Whether Alleged Kicking Contributed to the Death of Anthony
Anderson and on Any Claim for Alleged Deprivation of Medical Care.  (ECF No. 95).  In their
Motion in Limine, Defendants argued Plaintiffs' expert Lamont Smith, M.D. ("Dr. Smith") is not
qualified as a matter of law to opine as to the cause of Anderson's injuries because he has no
experience with or expertise in determining the etiology of a medical condition.  The Court
agreed, concluding Dr. Smith's opinions were inadmissible.  The Court further concluded the
opinions of Plaintiffs' second expert, Dianne Miller, RN ("Miller"), were also inadmissible.
Because Dr. Smith and Miller were the only experts who opined that kicking Anderson while he
was under arrest and depriving him of medical care by misleading the paramedics caused
Anderson's ruptured spleen and eventual death, the Court granted Defendants' Motions for
Partial Summary Judgment.

On August 8, 2016, Plaintiffs filed the present Motion to Reconsider Order Regarding
Expert Testimony (ECF No. 96).  Defendants filed an Opposition on August 23, 2016 (ECF No.
100), and Plaintiffs submitted a Reply on September 1, 2016 (ECF No. 101).

The Federal Rules of Civil Procedure include three Rules that permit a party to move for
reconsideration.  Rule 54(b) governs motions to reconsider interlocutory orders.  See Fayetteville
Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1470 (4th Cir. 1991) (finding district court
properly reconsidered interlocutory order under Rule 54(b)).  This Rule provides that
interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all
the claims and all the parties' rights and liabilities."  Fed.R.Civ.P. 54(b).  Rules 59(e) and 60(b)
govern motions to reconsider final judgments.  See Fayetteville Inv'rs, 936 F.2d at 1469.  Rule
59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final
judgment.  Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL
994066, at *1 n.1 (D.Md. Mar. 13, 2014).  If the Motion is filed later, Rule 60(b) controls.  Id.

Under Rule 60(b), the court may relieve a party from a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); see Fed.R.Civ.P. 60(b).

A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citation and internal quotation marks omitted). A party may not use a Rule 59(e) motion "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (citation omitted). Altering or amending a final judgment "is an extraordinary remedy which should be used sparingly." Id. (citation omitted).

When a party argues that Rule 59(e) relief is necessary to correct a clear error of law or to prevent manifest injustice, mere disagreement with the Court's previous decision will not suffice. U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (quoting Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993)). Rather, to justify altering or amending a judgment on this basis, "the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" Fontell v. Hassett, 891 F.Supp.2d 739, 741 (D.Md. 2012) (alterations in original) (quoting TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009)). Hence, a "factually supported and legally justified" decision does not constitute clear error. See Hutchinson, 994 F.2d at 1081–82.

Here, Plaintiffs move for reconsideration under Rule 60(b), arguing the Court committed a mistake of law when it concluded Dr. Smith is not qualified to opine as to the etiology of Anderson's injuries. Because the Court's July 27, 2016 Order was interlocutory, Rule 60(b) provides no basis for reconsideration. And, even if it did, the Court finds no mistakes of law.

Rule 54(b) is the proper basis for reconsidering the Court's July 27, 2016 Order. As such, the Court will apply the Rule 59(e) standard. See Harper v. Anchor Packing Co., Nos. GLR-12-460 & GLR-12-462, 2014 WL 3828387, at *1 (D.Md. Aug. 1, 2014) (applying Rule 59(e) standard to Rule 54(b) motions). The majority of Plaintiffs' memorandum in support of their Motion is an attempt to relitigate why Dr. Smith's expert opinions are admissible. Rule 59(e) does not permit this. See Pac. Ins. Co., 148 F.3d at 403 (citation omitted). To the extent Plaintiffs argue the Court clearly erred in granting Defendants' Motion in Limine, the Court finds no clear errors of law. Accordingly, the Court will deny Plaintiffs' Motion.[1]

---

[1] At this point in the litigation, the Court considers the following legal issues as outstanding: (1) whether the alleged Takedown was excessive use of force; (2) whether the alleged kicking after the Takedown was excessive use of force. Dr. Smith opined that the Takedown could not have alone caused Anderson's death, and the Court ruled that Dr. Smith's opinion that the kicking combined with the Takedown caused Anderson's death is inadmissible. Accordingly, it appears that Plaintiffs' wrongful death claims are no longer viable because there is no admissible expert testimony as to the cause of Anderson's death.

For the foregoing reasons, Plaintiffs' Motion to Reconsider Order Regarding Expert Testimony (ECF No. 96) is DENIED.  Despite the informal nature of this memorandum, it shall constitute an Order of this Court and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____
George L. Russell, III
United States District Judge